# Grant *v.* The State.

### *Indictment for Murder.*

1. *Special term of Circuit Court; what order convening must show.*—It is not necessary that an order for holding a special term of court, should recite that the special term was necessary in the opinion of the presiding judge; his order for the special term is, in itself, an affirmation that the special term was necessary.

2. *Same; who may hold.*—A special term ordered by a judge of the circuit, may be held by a judge of another circuit.

3. *Same; what sufficient to show authority for.*—The order for a special term,

made by the judge in vacation, need not be entered upon the minutes until the court convenes ; and a recital on its records that the special term was held at the place appointed by law, pursuant to an order made by the presiding judge, after notice given as required by law by advertisement in a named paper published in the county, for more than thirty days, sufficiently shows that the special term was called according to law.

4. *Malice ; presumption as to.*—The law implies malice from the intentional unauthorized use of deadly weapons, if there be nothing else in the transaction to repel the implication.

APPEAL from Sumter Circuit Court.

Tried before Hon. G. H. CRAIG.

The appellant, Balaam Grant, was convicted of murder in the second degree, and sentenced to imprisonment in the penitentiary for eighteen years, for the murder of one Ed. Williams.

From the evidence it appeared that on the day of the killing, the deceased, and several men who lived with him on the Halsell place, were in the road near that place, when a negro named Lee Jones came along, from the direction of the C. M. A. Rogers place, on which he and the defendant lived. Coming up to where the crowd was, he and Ed. Williams soon got into a dispute about some small matter. Lee Jones turned and rode back up the road towards the Rogers place, and as he went off deceased said, "I reckon he has gone off after his company." Deceased and those with him then went back into the quarters, in the enclosure of the Halsell place, and begun a game of marbles. Shortly after this, Lee Jones and the defendant came riding down the road together. When they were seen the game of marbles closed, and those engaged in it sat down on a bench. After Lee Jones and the defendant had passed about thirty yards they stopped, and defendant said to deceased, "I suppose you told Lee he was going back after his company," to which deceased replied "that he had not, and for him to go along to church where he had started ; that he had not started the fuss with him, and he did not want to end it with him." Lee Jones and defendant then rode back, hitched their horses, and came into the yard where deceased and his friends were. Deceased got up and was leaning against the corner of a cabin. Defendant took a peach tree stick or limb about six feet long and as large as a man's arm, that was leaning against the cabin, and approaching deceased, said to him, "God damn you, I am as good a man as you are," to which deceased replied, "I am as good a man as you." Defendant then said, "God damn you, I will kill you," and at the same time struck him with the stick. Deceased fell to the ground and never spoke afterwards ; he was taken into a cabin and died three days afterwards from the effects of the blow.

It was shown that deceased and defendant had never met before, and were total strangers, and that prior to this time no difficulty or grudge of any kind had existed between them. This was all the evidence in the case, except proof of venue and time of commission of the offense, and the court, at the request of the solicitor, gave the following written charges : "1. If the defendant struck deceased, intentionally and wrongfully, and without just cause or excuse, he struck him maliciously. 2. If the defendant intentionally and wrongfully, and without just cause or excuse, struck the deceased with a stick, the use of which in such manner was likely to produce death or great bodily harm, he is guilty of murder in the second degree, if death resulted from such blow and the act was committed in this county, and before the finding of the indictment, even though he did not intend to kill the deceased." To the giving of these charges the defendant excepted.

The indictment under which the appellant was tried and convicted, was found at a special term of the Circuit Court, which the record recites was called "in pursuance of an order of the Hon. Luther R. Smith, judge of the 7th judicial circuit of said State. Notice given as required by law, by advertising in the Livingston Journal, a newspaper published in said county, for more than thirty days."

The record also recites that Hon. George H. Craig presided at the called term.

SNEDECOR & COCKRELL, for appellant.

HENRY C. TOMPKINS, Attorney-General, contra.

STONE, J.—The indictment in the present case was found at a special term of the Circuit Court, and the objection is urged that the record does not sufficiently show such special term was called according to law. The transcript from the records of the Circuit Court recites the time and place of holding the special term, and that it was held "in pursuance of an order of the Hon. L. R. Smith, judge of the 7th judicial circuit of said State—notice given as required by law by advertisement in the Livingston Journal, a newspaper published in said county, for more than thirty days." Hon. L. R. Smith is, and was at the time this special term was called, the presiding judge of the seventh judicial circuit, and that circuit embraced Sumter county. The statute does not require, or contemplate that the order for holding a special term of the Circuit Court shall be spread on the minutes contemporaneously with making of the order. The order is

not made by the court in session, but by the judge of the circuit. As such judge, in chambers, he has no minutes or records ; and hence could not then enter the order on the minutes. When the court convenes pursuant to the order, there is then a court having its records ; and then, and not till then, is it necessary to enter the call of record.—Pamph. Acts 1874–5, page 201.

It is not necessary that the record shall recite or affirm that in the opinion of the judge, a special term was necessary. Whether or not it was necessary, is not an assailable or contestible fact. The intention of the legislature was to clothe the circuit judge with large power and discretion, and to constitute him sole judge of the necessity for holding such special term. The order for the special term, is itself an affirmation that in the opinion of the judge it is necessary. *Martin v. Mott,* 12 Wheat. 19 ; *Vanderhayden v. Young,* 11 Johns. 150 ; *Stuyvesant v. Mayor, &c.,* 7 Cow. 588.

There is nothing in the objection that the special term was held by Judge Craig instead of Judge Smith, who was judge of the circuit, and as such had called the special term. The jurisdiction of each of said judges was precisely the same, and any circuit judge of the State could lawfully hold the court.—Constitution, Art. 6, Sec. 6.

The exception taken in this case is general to the two charges given at the request of the solicitor. It follows that if either charge is correct, the exception is not well taken. The record informs us it contains all the evidence. It not only fails to show a provocation for the homicide, but shows the defendant was the aggressor throughout. If the deceased had even given the slayer a verbal insult, and the defendant thereupon gave him a blow with an instrument calculated to produce death, and in that way caused his death, this would be murder. Words never reduce a homicide to manslaughter. And the law, from the intentional, unauthorized use of a deadly weapon, if there be nothing else in the transaction, implies malice.—*Hadley v. The State,* 55 Ala. 31 ; *Judge v. The State,* 58 Ala. 406.

There is no error in the record. Judgment affirmed.