# *Ex parte* Chandler.

*Petition for Habeas Corpus.*

1. *Habeas corpus; defendant cannot be discharged on writ after conviction by court having jurisdiction.*—The jurisdiction of a court to try a person charged with a criminal offense is not in any way dependent upon the condition of a bail bond given for the appearance of the defendant; and where an indictment is regular in form, and the court

has jurisdiction of the offense and the defendant is personally present in court, and there is a trial, conviction and sentence of the defendant and an appeal from such judgment, the fact that the sheriff had accepted a .bail bond providing for the defendant's appearance at court on a day later than that on which the trial was had, does not in any way affect the validity of the judgment, and does not authorize the discharge of the defendant on *habeas corpus*, pending the appeal.

2. *Same; proceedings can not be reviewed or corrected thereby.*—A court cannot, on *habeas corpus* proceedings, review and correct errors or irregularities, however gross, of a trial court of competent jurisdiction.

The proceedings in this case were certified to this court upon a motion made by the State of Alabama, through the Attorney-General, directed to the judge of probate of Calhoun county, commanding him to certify to this court all the proceedings had before him on a *habeas corpus* proceeding, in which the petitioner, Tom Chandler, filed a petition for a writ of *habeas corpus*.

The facts as disclosed by the return to the writ of *certiorari* are sufficiently stated in the opinion.

SAVAGE & COLEMAN, for petitioner.

WILLIAM C. FITTS, Attorney-General, for the State.

COLEMAN, J.—Tom Chandler was indicted, tried, convicted of a felony, and sentenced by the city court of Anniston. From this judgment he appealed to this court, and pending the appeal, the probate judge of Calhoun county discharged him from custody on *habeas corpus* proceedings. His petition for the writ of *habeas corpus* showed upon its face, with the exhibits, that the indictment was in regular form, that the trial was by a court of competent jurisdiction, the personal presence of the petitioner in court during the trial, the verdict of the jury, the sentence of the law, and the appeal to this court. Notwithstanding all these facts appeared affirmatively on the hearing of the *habeas corpus* trial, the probate judge discharged the prisoner. It appeared, also, that the sheriff had accepted a bail bond from the defendant which provided for his appearance at court on a day later than that on which he was put on his trial, and it is, therefore, contended that the court had no power to try the defendant at an earlier date. The es-

[White v. The State.]

sence of all bail is the appearance of the defendant at court. Jurisdiction of the court is not dependent upon the condition of the bail bond. If it has jurisdiction of the offense, and the defendant is personally present in court, no jurisdictional fact is lacking. The sureties of the bail may be and are released, when the custody of the prisoner is taken from the sureties by the court and transferred to the sheriff, or he is committed to jail under sentence of the law; but these rights and privileges of sureties have no operation to oust the jurisdiction of the court to try the defendant. It has been so often decided by this court and other courts that it is not the office of *habeas corpus* to review and correct errors or irregularities, however gross, of a trial court of competent jurisdiction, that all judges of courts, having jurisdiction to grant the writ of *habeas corpus*, ought to be informed upon this question.—*Ex parte Simmons*, 62 Ala. 416 ; *Ex parte Hubbard*, 65 Ala. 473 ; *Ex parte Merlet*, 71 Ala. 371 ; *Ex parte Sam*, 51 Ala. 34 ; 3 Brick. Dig. 539-540.

Judgment will be here rendered, annulling and reversing the order of the probate judge, and the petition for writ of *habeas corpus* will be dismissed. The prisoner is remanded to custody to abide the result of the appeal to this court.

Reversed and rendered.