# Knight v. The State.

## *Indictment for Murder.*

1. *Special term of court; when legally called; publication of notice; validity of indictment.*—Where an order is made for a special term of the circuit or city court to indict and try persons charged with the killing of certain named people, and notice of such order is given for thirty days prior to the holding of the special term, by publication in a newspaper published in the county, such special term of such court is regularly and legally called; and an indictment preferred against a defendant, charging him with the killing of one of the designated persons, is valid, and can not be quashed upon the ground that the special term was not properly called.

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

The appellant was indicted and tried for the murder of one Frank Dantzler, was convicted of murder in the first degree, and sentenced to be hanged. The indictment was preferred by the grand jury organized at a special term of the city court of Mobile, and the defendant was tried and convicted at such special term. This term was called by the judge of the city court, and the order was published in a paper published in the city and county of Mobile for thirty days prior to the meeting of the court. The order as made and published was as follows: "For good and sufficient cause appearing to me, O. J. Semmes, judge of the city court of Mobile, it is ordered that a special term of the city court of Mobile be held, to commence on the first day of September, 1897, especially for the indictment and trial of the persons charged with the killing of Thomas Jones, Frank Dantzler and George Gastin, and any other persons charged with aggravated offenses."

Upon the trial of the cause, the defendant moved to quash the indictment upon the ground that the special term was not properly called. This motion was overruled, and the defendant duly excepted.

Under the opinion on the present appeal it is not necessary to set out in detail the facts relating to the other rulings of the trial court.

No counsel marked as appearing for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.

HEAD, J.—The special term of the city court was legally and regularly called.—Acts, 1857–58, p. 56; *Nugent v. State,* 19 Ala. 544; *Harrington v. State,* 36 Ala. 236; Code of 1886, §§ 752, 753; *Grant v. State,* 62 Ala. 233; *Martin v. State,* 77 Ala. 1.

We have carefully examined all the other exceptions raised by the record, and find them so plainly without merit that comment is unnecessary. The indictment and trial were, in all respects, legal and regular, and the prisoner lawfully condemned. Let the law be enforced.

The judgment of the city court must be affirmed; and the time fixed therein for the execution of the sentence of death having passed, Friday, January 21, 1898, is hereby fixed for the execution of said sentence.

Affirmed.