# *Ex parte* The State *ex rel.* Attorney General *et al.*

## *Petition for Mandamus.*

1. *Constitutional law; defacto judge.*—A person who is commissioned by the governor as judge of the Circuit Court in a certain designated circuit, and under such commission attempts to exercise the duties of the office of such circuit judge at a time when, and place where the circuit court for a particular county could be legally held, is a *de facto* judge of the Circuit Court of the State, although the Act of the Legislature which creates the judicial circuit to which he was appointed, was unconstitutional, and his appointment by the governor was void.

2. *Same; same.*—The acts of a *de facto* circuit judge at a time and place when and where the Circuit Court for a particular county can be legally held, are valid in so far as they concern the judge or third persons who have an interest in the things done until his title to the office is adjudged insufficient; and

an indictment preferred by a grand jury organized by such judge at such time and place, is not void, and should not·be stricken from the files of the court, although it is subsequently judicially ascertained that the act creating the said judicial circuit was unconstitutional and said judge's appointment was void.

The State of Alabama on relation of the attorney general and his solicitor of the 8th Judicial Circuit Court, filed an original petition in the Supreme Court, praying for a writ of mandamus to be issued out of said court to the Judge of the 8th Judicial Circuit Court, requiring him to restore to the docket of the Circuit Court of Madison County for trial, the case of the State v. Stovall and to vacate an order made by him, striking the indictment of said case from the files of the court.

The facts in the case are sufficiently stated in the opinion.

MASSEY WILSON, Attorney-General, and D. C. ALMON, for petitioner. -

TYSON, J.—This is a petition for a writ of mandamus to the judge of the 8th judicial circuit to require him to restore to the docket of the circuit court of Madison court for trial the case of the State v. Stovall, and to vacate an order made by him striking the indictment from the files of the court.

The action of the judge was predicated upon the theory that the indictment was void because preferred and presented by a grand jury not legally constituted.

It appears from the record that it was preferred by a grand jury organized by Hon. Paul Speake as judge of the sixteenth judicial circuit on the 19th day of February, 1904.

The sixteenth judicial circuit and the office of the judge thereof was created by the Act of the General Assembly, approved October 12, 1903 (General Acts, 1903, p. 566) known as the Lusk bill, which Act was in the case of *Board of Revenue of Jefferson Co. v. Crow,* 37 So. Rep. 469, declared by this court to be unconstitutional.

Confessedly there never existed a sixteenth judicial circuit or the office of the judge thereof; so, then, the

question presented is, whether the Hon. Paul Speake was a *de facto* judge of the circuit court of the State. He was commissioned by the Governor and attempted to exercise the duties of the office of circuit judge, it is true, under an unconstitutional Act and a void appointment, but independent of the Lusk Act there existed the office of circuit judge of the 8th judicial circuit and a circuit court in and for the county of Madison. He was not, it is true, legally judge of that circuit or judge of any other circuit. Had he been he would have been a *de jure* judge and, of course, the question here presented could never have arisen. We have here then a legally existing office of circuit judge and the duties of that office exercised by a person under the provisions of a statute that is unconstitutional, at a time and place when the court could be legally held.

Where this is the case, the authorities seem to be practically unanimous in holding that such a person is a *de facto* officer and that his acts are valid in so far as they concern the public or third persons who have an interest in the things done until his title to the office is adjudged insufficient.—8 Am. & Eng. Enc. Law (2d ed.) pp. 793, 815, 816 and note 1; also p. 818. See also *Walker v. State,* in MSS., and cases there cited. In other words, the acts of a *de facto* officer are as effectual when they concern the rights of third persons or the public, as if they were the acts of a *de jure* officer. See note on page 148, 42 Am. Dec.

As said by the Supreme Court of the United States in *Norton v. Shelby County,* (118 U. S. Rep. 441) ; "The doctrine which gives validity to acts of officers *de facto* whatever defects there may be in the legality of their appointment or election, is founded upon considerations of policy and necessity, for the protection of the public and individuals whose interests may be affected thereby. Officers are created for the benefit of the public, and private parties are not permitted to inquire into the title of persons clothed with the evidence of such offices and in apparent possession of their powers and functions. For the good order and peace of society their authority is to be respected and obeyed until in some regular mode

prescribed by law their title is investigated and determined. It is manifest that endless confusion would result if in every proceeding before such officers their title could be called in question.

In *Plymouth v. Painter,* 44 Am. Dec. 579, this doctrine is thus stated : "The principle established by these cases, in regard to the proceedings of officers *de facto,* acting under color of title, is one founded in policy and convenience; is most salutory in its operation; and is, indeed, necessary for the protection of the rights of individuals, and the security of the public peace. The rights of no person claiming a title or interest under or through the proceedings of officers having an apparent authority to act, would be safe, if he were obliged to examine the legality of the title of such office up to its original source, and the title or interest of such person were held to be invalid, by some accidental defect or flaw in the appointment, election or qualification of such officer, or in the rights of those from whom his appointment or election emanated; nor could the supremacy of the laws be maintained, or their execution enforced, if the acts of officers having a colorable, but not a legal title, were to be deemed invalid."

It follows that the indictment is valid and that the order of the judge with respect to it was erroneous.

The *writ of mandamus* will be awarded as prayed for.

McCLELLAN, C. J., HARALSON, DOWDELL, SIMPSON, ANDERSON and DENSON, J.J., concurring.