## EX PARTE JOHN BOYD.

### No. 3565. Decided October 4, 1906.

**1.—Murder—Special Term District Court—Statutes Construed—Constitutional Law.**

The Act of the Twenty-Ninth Legislature authorizes the judge of the district court of any county in this State to convene a special term of his court at any time which may be fixed by him, and is especially authorized under article 5, section 7, of the Constitution; and repeals so much of Revised Statutes, articles 1113 and 1114, which required such order to be made at a preceding term of the district court, and authorizes such order in vacation.

**2.—Same—Notice of Order for Holding Special Term—Vacation.**

Where the notices of the holding of the special term were published in accordance with the old law, by posting for thirty days, there was sufficient notice of said term; and said order was properly spread on the minutes of the court in vacation.

**3.—Same—Ex Post Facto Law—Constitutional Law.**

The Act of the Twenty-Ninth Legislature, page 116, authorizing the district judge to order a special term of his court in vacation, and to convene the same at any time which may be fixed by him in said order, simply affects the mode of procedure in the prosecution of antecedent crimes and is not ex post facto.

**4.—Same—Case Stated—Habeas Corpus.**

Upon an application for writ of habeas corpus, where it was shown that relator was regularly tried and convicted for the offense of rape and his penalty assessed at death; that he appealed and the case was affirmed; that the mandate was issued and filed during vacation of the district court; that the judge in vacation ordered a special term of his court for the purpose of pronouncing sentence and gave due notice thereof, and passed sentence upon relator at such special term, there was no error and the writ of habeas corpus was refused. Davidson, Presiding Judge, dissenting.

From Fayette County.

Original application for a writ of habeas corpus to suspend sentence of death pronounced upon relator at a special term of the district court, under a judgment of conviction for rape entered at a regular term of the district court.

The opinion states the case.

*L. D. Brown,* for relator.

*J. E. Yantis,* Assistant Attorney-General, for the State.

.HENDERSON, Judge.—Relator has presented before the court his application for the writ of habeas corpus, upon the following state of facts. Relator was regularly tried in the District Court of Fayette County, on the 17th of December, 1905, on a charge by indictment, of the offense of rape; was convicted, the jury assessing his punishment at death. The case was appealed to the Court of Criminal Appeals, and on the 23rd of May, 1906, said court affirmed the judgment of the court below. On June 8th, mandate was issued from said court to the court below, and filed among the papers in said cause in the district court on the 9th of June. The term of the District Court for Fayette County adjourned on June 2, 1906, and the mandate was filed during the vacation. No regular term of said district court could be held until the third Monday in November, 1906. On June 28th, Hon. L. W. Moore, acting as district judge, in vacation, made an order calling a special term of said court to convene on the 30th day of July, 1906, at LaGrange, Texas, the county seat of Fayette County,—the sole purpose of said special term being to pass sentence on relator, John Boyd: The order was spread on the minutes of said court, and notice of the holding of said special term. Six notices of the holding of said special term were posted in said county. When the day for holding said special term arrived, on objection urged by relator, sentence was not passed upon him at that time; but said judge, on July 30, 1906, in vacation made an order fixing Saturday, September 1, 1906, as the date for holding a special term. This order is as follows: "LaGrange, Texas, July 30, 1906. In Vacation. By virtue of the authority of my office, under the Constitution and laws of the State of Texas, I do hereby order a special term of the district court in and for Fayette County, Texas, to be holden beginning September 1, 1906, at LaGrange, Texas, in said county and State, and said special term to continue for one day, and for the purpose of pronouncing sentence upon John Boyd, defendant in case of The State of Texas vs. John Boyd, No. 4024, who has been duly convicted of the offense of rape and his punishment fixed at death. It is further ordered that this order be entered upon the minutes of said court, and that the district clerk issue the notices as provided by law." This order was copied in the minutes of the District Court of Fayette County. The clerk certifies that the same is not a part of the minutes of the special term of the court held on September 1st. The notices, which contained a copy of the order of the judge, were issued by the clerk and posted at six public places in Fayette County: one of which was at the courthouse door, for thirty days prior to the first of September. On September first, the court was convened, and relator Boyd was brought into court, his counsel being present and objecting to all proceedings, and sentence was passed on him at that time, ordering the execution of his sentence, being death, on Friday, October 5, 1906.

These proceedings were spread on the minutes of the court at said special term. Relator prepared an application for the writ of habeas corpus from said proceedings, and has presented it to this court.

Relator contends among other things that said sentence is null and void, because the district judge of said district had no authority in vacation to order a special term of said court. As we understand, he insists that the Act of the Twenty-Ninth Legislature, page 116, does not authorize the district judge out of term time to make an order for a special term of the district court. That said act, in the first place, must be read into sections 1113 et seq., Revised Civil Statutes, and is merely amendatory thereto, not repealing the same, except as inconsistent with its provisions. In the second place, if it is not so considered, it does not of itself furnish any mode by which said judge can act, and on account of its vagueness is null and void.

This statute was construed by this court in Ex parte Young, 15 Texas Ct. Rep., 852; and it was there held that said statute authorized the judge of the district court of any county in this State, to convene a special term of his court at any time which may be fixed by him. We think the proposition there announced, in construing said statute, is a sufficient answer to this application. We would observe, however, that the Constitution (article 5, section 7) gives plenary power to the Legislature to authorize the holding of special terms of the district courts. We quote therefrom, as follows: "The Legislature shall have power, by general or special laws, to authorize the holding of special terms of the court, or the holding of more than two terms in any county for the dispatch of business." Of course, the Legislature could authorize the judge to fix the date of these terms.

Did the Act of the Twenty-Ninth Legislature repeal that part of the old law (Revised Statutes, articles 1113–4) which required said order to be made at a preceding term of the district court? It would seem that one of the purposes of the new statutes was to obviate this, and to authorize the judge in vacation to order a special term of his court. Sections 1 and 2 of the new act in effect re-enacted said above mentioned sections of the old act, leaving off any reference to an entry of the order during a regular term. Moreover, the language of the new statute, in effect eliminates the idea that the order must be entered during term time. The judge is authorized, where he deems it advisable, to order a special term, and authorize him to convene such special term of the court at any time which may be fixed by him. "Where" in this connection, we take it, does not refer to place, but to the time when he may deem it advisable. Of course, he must fix the term of the court before he convenes it. We might state, in passing, as we understand, it was one of the purpose of this new act, if not the main purpose, to expedite the trial and disposition of a certain class of crimes which have become more or less prevalent in this country, and it was intended to authorize the judge, in vacation, to call a special term of the court, and as a new feature of the act, gave him power to

empanel the grand jury to indict offenders, and try such cases. It will be seen that one of the main objects of the enactment would be defeated, if the court should be compelled to wait the convening of a regular term before he could call a special term of his court.

It will be observed as to the notices of the holding of the special term, that they were published in accordance with the old law; that is, they were posted for thirty days. If the old act be read into the new statute, as to time of notice, this was in accord therewith. Certainly it was a reasonable time, and relator (who was present) made no objection on the score of time.

Of course, it follows, if the judge was authorized to make an order for a special term in vacation, he was not required to spread said order on the minutes of the regular term. Indeed there was no authority to do this. But the fact that said order was spread on the minutes of the court, though in vacation, while it may not have been required in order to validate said special term, still it would appear to be the best practice. The spreading of the order on the minutes on the convening of the special term, in connection with the proceedings, as was done in this case, would be sufficient.

We agree with counsel for relator that the Act of the Twenty-Ninth Legislature does not assume to repeal the provisions of the former act, except as inconsistent therewith; and it occurs to us that the judge who ordered the special term, for the purpose of sentencing relator, followed the procedure indicated in the old law, so far as the same was consistent with the new act on the subject of ordering special terms. We cite in this connection the following authorities which sustain the view we have taken. Grant v. State, 62 Ala., 233; Daughdrill v. State, 113 Ala., 7, 21 So. Rep., 378; Toler v. Com., 28 S. W. (Ky.), 347; Friar v. State, 3 How (Miss.), 422; 11 Cyc., 730–2. Grant's case, supra, holds, under an act evidently similar to our own, that the order for a special term may be made by a judge in vacation and need not be entered on the minutes of the court until it convenes, and a recital on its records that the special term was held at the place appointed by law, pursuant to an order made by the presiding judge, after notice given as required by law, sufficiently shows that the special term was called according to law.

Relator further contends that even if the special term was called in accordance with law, the effect of the same was to hasten the execution of his sentence, and would be as to him an ex post facto law. We believe that such an act as this comes within the rule of authorizing remedy and procedure, and is not ex post facto. It occurs to us, that if the Legislature could authorize the judge to call a special term under our Constitution, which we have seen is the case, the judge could call this special term so as to hasten the relator's execution, in the same way that the Legislature might change the terms of the district court in his county after the commission of the offense, and so hasten his execution. "It is well settled that statutes regulating the mode

of procedure only in the prosecution of antecedent crimes are not ex post facto, and that it is within the power of the Legislature to change the form and method of procedure in any manner which, in relation to the offense or its consequences, does not alter the situation of the accused to his disadvantage. * * * A statute which abolishes an existing court, or creates a new court, or confers an additional jurisdiction on a court, does not fall under the constitutional ban against ex post facto laws. A law changing the place of trial from one county to another county in the same district, or even to a different district from that in which the offense was committed or the indictment found, is not an ex post facto law, though passed subsequent to the commission of the offense or the finding of the indictment." "A statute passed after a criminal has been convicted and sentenced to capital punishment, fixing the time and place for executions and restricting the number of witnesses, is constitutional, though retrospective in its application." See 12 Ency. of Law, p. 533–4, 2nd ed.

For the reasons stated, the application for the writ of habeas corpus is refused.

*Writ refused.*

BROOKS, JUDGE.—I concur, but do not think thirty days notice is required.

DAVIDSON, PRESIDING JUDGE (dissenting).—I respectfully enter my noncurrence to the disposition of this case by my brethren. Some of the reasons upon which I predicate this dissent are to be found in Ex parte Tom Young, 15 Texas Ct. Rep., 852. The phase of the law discussed in that opinion in regard to the special act applicable alone to the Counties of Williamson and Travis does not arise in this case, and therefore the reasons set forth in that dissent have no application here, but are pretermitted.

The Act of the Twenty-Ninth Legislature by express terms repeals such provisions of the prior statutes, found in the Revised Civil Statutes as are in conflict. Under the prior law the order for the special term was required to be entered during a regular term by the judge, the date for such special term to be fixed "at a date not less than thirty days after the adjournment of the regular term" (Rev. Civ. Stat., art. 1114) ; and limits specifically the authority of the court at such special term to the "transaction and disposition of the accumulated business undisposed of." (Art. 1113.),Articles 1115 and 1116 provide for notices and manner of service in regard to the undisposed of cases to be tried at the special term. (Sec. 1114.) By the terms of article 1117, no grand jury could be empaneled under the prior law. Under the Act of the Twenty-Ninth Legislature, page 116, special provision was made in the discretion of the judge for the calling and empaneling of the grand jury. Under the Act of the Twenty-Ninth Legislature, the judge may call a special term when he deems it advisable. This then is

in direct conflict with that provision of the old law which requires the order to be entered at the regular term fixing the date for the special term at not less than thirty days, and which is in direct conflict with those provisions of the law with reference to notices and the manner of giving those notices. Under the new act no provision is made for notices, or of any character of service upon parties litigant whose cases are to be disposed of at the special term. There is no intimation in the new law as to how parties to the undisposed of business are to know their causes are to be tried. The whole matter is left to the discretion of the trial judge to call a court when he deems it advisable. So far as the terms of the latter act are concerned, notices are not required, and service upon the parties litigant notifying them that their cases are to be tried, is not intimated. The whole matter is arbitrarily left with the judge as to when and where or how he shall call the court for the special term. The Constitution provides for regular and special terms of the district court, and authorizes the Legislature to enact suitable laws for the holding of such court. By the express terms of the Constitution, this is legislative duty; and it requires at their hands appropriate legislation to put into operation both the regular and special terms of court. The Legislature cannot delegate its authority, under any provision of our Constitution of which I am aware,·to another co-ordinate branch of the government. It certainly has no right to delegate its legislative power and function to a judge and make it discretionary with him to provide rules and regulations for the holding of courts and the manner of convening it, and the·notices that are requisite in vacation. In other words, the Legislature cannot divest itself of its constitutional authority and invest a co-ordinate branch of the government with its legislative duty. Ours is supposed to be a country and a government of law, governed by law and not by the discretionary whims of its officers. It has always been understood in America and among our race that, before parties litigant could be called to trial, where their lives, liberties or property are involved, it should be done after due notice and statement of the cause of action, and of notice of the time and place where the trial should occur, and the court before whom the trial should be had. This has always been fixed and determined by law.

Now, we have before us a proposition, sustained by decision, that the judge can call a special term of court at his discretion arbitrarily and without provision for notice as to time or place of trial, and all of this to occur in vacation. He may call a special term when and where he pleases and arbitrarily give or omit notices to the parties litigant of the time or place; and dispose of the life, liberty and property of the citizenship, with or without notice.

It would take no reasoning, it occurs to me, to understand that where the Constitution authorizes a court and special terms of courts, it means a definite time and place, and that all parties who have business before that court should have ample time for preparation to try

their matters of litigation pending before that court, and this independent of the whims or caprices or arbitrary discretion of the presiding judge. When the Constitution speaks of courts, it means courts; and all of the paraphernalia of courts as has been understood in the history of the Anglo-Saxon race, and especially under the constitutional forms of government in force in the American Union. The people of this country do not hold their lives, liberty and property subject to the arbitrary discretion of the officers of the government, but in accordance with the law of the land. The upholding of this arbitrary discretion of the judge is not "due process of law." The Legislature cannot, if it would, and ought not, if it could, delegate this legislative function and power to any branch of the judiciary, especially to the trial court. Our law holds the life, liberty and property of the citizenship of this country above arbitrary discretion.

In regard to the other questions in this case, I gave some expression to my view in the dissent in the Tom Young case, supra. I wish to say further and emphasize what I said in my dissent in the Tom Young case, that this character of case is not an "undisposed of" case, pending at the time of the adjournment of the regular term of the district court. The case was not pending there. The court had lost its jurisdiction by the appeal to this court. I desire to state further and emphasize, that this is not a case for trial within the contemplation of either the old or new act of the Legislature. One other thought, that our Code of Criminal Procedure provides that where in a death penalty, the case has been decided adversely to appellant and the judgment against him affirmed in the appellate court, sentence shall be pronounced against him at the next term of the court. This statute has not been amended or changed; it means a regular term of the court. Both the old and new statutes under discussion provide alone for the trial of undisposed of cases, with the addition under the new statute that authority was given the district judge to empanel a grand jury and try the new cases under indictments presented by that grand jury. This emphasizes the proposition that nothing but the trial of undisposed of cases is meant both by the new and old law, except as provided especially in regard to new indictments.

I have not deemed it necessary to go into any extended discussion of the matter. The construction placed upon these acts by my brethren in regard to the question involved, in my judgment, is erroneous, and their conclusion is adverse to the law as I consider it to be, and I therefore enter this dissent.