# McNeill *v*. Henderson & Hill.

### *Trover · and Conversion.*

(Decided April 13, 1911.   55 South. 269.)

*Chattel Mortgages; Lien; Crops.*—A mortgagor of a crop to be grown must have some interest or estate in the land on which the crop is to be grown at the time of the execution· of the mortgage to confer on the mortgagee a lien superior to a mortgage executed after the crop was planted and while the mortgagor had an interest in the land.

APPEAL from Crenshaw Circuit Court..

Heard before Hon. J. C. RICHARDSON.

Action by Henderson & Hill against J. W. McNeill. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

Plaintiffs claim under crop mortgages executed to them by one Neal Turner on December 7, 1905, and on January 27, 1907, respectively. The defendant claimed under a crop mortgage from Neal Turner executed January 11, 1907. The defendant requested the following charge: (2) "The court charges the jury that the plaintiffs are not entitled to recover under the mortgage executed in 1905, unless they are reasonably satisfied from the evidence that Neal Turner either owns or had some interest in the land on which the cotton involved in this suit was raised at the time said mortgage was executed."

R. L. HARMON, and M. W. RUSHTON, for appellant. The court erred in refusing to give charges 2 and 3 requested by the defendant, and also erred in overruling motion for new trial.—*Wyndham & Co. v. Stevens & Alexander*, 156 Ala. 341, where the cases are collected; sec. 3376, Code 1907.

FRANK B. BRICKEN, for appellee.   No brief came to the Reporter.

WALKER, P. J.—The plaintiffs rested their claim to the cotton alleged to have been converted upon two crop mortgages made to them by one Neal Turner, one of which was executed on December 7, 1905, and the other on January 26, 1907.   There was proof of defendant's ownership of a mortgage of Neal Turner, bearing date January 11, 1907, covering crops raised by him or in which he was interested in Crenshaw county during the year 1907, which mortgage was filed for record on January 14, 1907.   The cotton in question was part of the crop grown in 1907 on land in Crenshaw county rented by Neal Turner.

There was no evidence that, at the time of the execution of the mortgage bearing date December 7, 1905, the mortgagor, Neal Turner owned or had any interest in the lands upon which the crop was grown in 1907. It was material for the plaintiffs to sustain their claim under this mortgage, as the mortgage they received in 1907 was executed after the mortgage which was acquir-ed by the defendant had been recorded.   In this state of the evidence, it was error to refuse the written charge, numbered 2, requested by the defendant.   The rule is established that a mortgage on crops to be grown in the future does not create a specific lien upon such crops, unless at the time of the execution of such mort-gage the mortgagor owned or had some interest in the land upon which the crops were grown.—*Windham & Co. v. Stephenson & Alexander,* 156 Ala. 341, 47 South. 280, 19 L. R. A. (N. S.) 910, 130 Am. St. Rep. 102.

Reversed and remanded.