(81 South. 141)

JOHNSON v. COOSA MFG. CO. (7 Div. 549.)

(Court of Appeals of Alabama. Feb. 11, 1919.)

1. CHATTEL MORTGAGES ⟨⟩12—CROPS—INTEREST IN LAND.

A mortgagor of a crop to be grown must have some interest in the land on which the crop is to be grown at the time of the execution of the mortgage.

2. CHATTEL MORTGAGES ⟨⟩229(3)—MORTGAGE OF CROP—ACTION BY MORTGAGEE AGAINST PURCHASER—BURDEN OF PROOF.

Crop mortgagee, suing purchaser of crops, has the burden of proving mortgagor's interest at time of execution of mortgage in the land on which the crops covered by mortgage were grown, and that the crops sold to defendant purchaser were raised on such lands.

3. APPEAL AND ERROR ⟨⟩1027 — REVIEW — HARMLESS ERROR.

In crop mortgagee's action against purchaser, where there was no evidence that mortgagor

at time of execution of mortgage had an interest in the land on which the crops covered by the mortgage were to be grown, or that the crops purchased were raised on such land, errors in the trial which did not prevent mortgagee from proving such facts *held* harmless on mortgagee's appeal from judgment entered on directed verdict for purchaser.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Trover by J. E. Johnson against the Coosa Manufacturing Company for conversion of cotton. Judgment for defendant, and plaintiff appeals. Affirmed.

Charles F. Douglass, of Anniston, for appellant.

Knox, Acker, Dixon & Sterne, of Anniston, for appellee.

SAMFORD, J. The action was brought by the plaintiff, claiming as a mortgagee of a crop, against the defendant, a purchaser from the mortgagor. The bill of exceptions purports to set out all of the evidence. From this it appears that the plaintiff failed to prove that the property claimed to have been converted was covered by the mortgage.

[1-3] A mortgagor of a crop to be grown must have some interest in the land on which the crop is to be grown at the time of the execution of the mortgage. Farmers' Mut. W. Co., v. McIntosh, 1 Ala. App. 407, 56 South. 102; McNeill v. Henderson & Hill, 1 Ala. App. 405, 55 South. 269; Windham & Co. v. Stephenson & Alexander, 156 Ala. 341, 47 South. 280, 19 L. R. A. (N. S.) 910, 130 Am. St. Rep. 102; Burns v. Campbell, 71 Ala. 278. The burden of proof being on the plaintiff to make out his case, this omission would entitle the defendant to the affirmative charge. Smith v. Davenport, 12 Ala. App. 456, 68 South. 545. In addition to this, it does not appear affirmatively from the evidence that the cotton sold was raised by the mortgagor on lands in which he had an interest at the time of the execution of the mortgage during the year 1916; that being the crop covered by the terms of the mortgage. This also would be necessary, in order to prove that the cotton was included in the mortgage to plaintiff. This being the case, regardless of any errors in the trial which did not prevent the plaintiff from proving the above facts if he could, the defendant was entitled to the affirmative charge, and, being so entitled, the judgment in his favor must be affirmed. Travelers' Ins. Co. v. Lazenby, 80 South. 25, 26;[1] Flowers & Peagler v. W. T. Smith Lbr. Co., 157 Ala. 510–512, 47 South. 1022; L. & N. v. Johnson, 128 Ala. 638, 30 South. 580; Stevenson v. Whatley, 161 Ala. 250, 50 South. 41; Redman v. L. & N. R. R., 154 Ala. 311,

45 South. 649; Taylor v. Smith, 104 Ala. 537, 16 South. 629.

In addition to the above, it is but fair to say that while the pleadings, as set out in the record, may not have justified the introduction of certain evidence on the part of the defendant, and therefore certain of the written charges were technically erroneous, a review of the whole case, including the verdict of the jury, impressed the court that the plaintiff was not probably affected injuriously in his substantial rights. Sup. Ct. Rule 45 (175 Ala. xxi, 61 South. ix).

There is no error in the record, and the judgment is affirmed.

Affirmed.