(81 South. 867)

HOLLOWAY et al. v. HENDERSON LUM-
BER CO. (4 Div. 546.)*

(Court of Appeals of Alabama. May 6, 1919.
Rehearing Denied June 3, 1919.)

1. TRESPASS ☞27 — CUTTING TIMBER —
STATUTORY PENALTY — TRESPASS QUARE
CLAUSUM FREGIT—DEFENSES.

It was a complete defense to an action for
a statutory penalty for cutting trees on the
lands of the plaintiff and for trespass quare
clausum fregit that defendant had title to the
land by adverse possession at the time of the
cutting.

2. TAXATION ☞805(2) — TAX DEEDS — AC-
TIONS TO RECOVER LAND—LIMITATIONS.

Under Acts of the General Assembly of
1884–85, § 112, p. 58, providing that actions
for the recovery of land sold for taxes shall not
lie unless brought within five years of the date
when the purchaser may have been entitled to
demand a deed therefor, a purchaser acquired
title after five years' adverse possession after
delivery of a tax deed, although the tax deed
was not validly executed and did not transmit
title; it not appearing that the owner had listed
and paid the taxes on the land for the year or
years for the nonpayment of which the tax
sale was made.

3. APPEAL AND ERROR ☞1070(1)—VERDICT
—HARMLESS ERROR.

Although a verdict of jury for one cent in
favor of plaintiff, who appealed because verdict
was inadequate, was contrary to the charge of
the court as applicable to the evidence, the judg-
ment will not be reversed, where court erred in
refusing the general affirmative charge requested
by defendant.

Appeal from Circuit Court, Covington
County; A. B. Foster, Judge.

Suit by John L. Holloway and another
against the Henderson Lumber Company for
the statutory penalty for cutting trees and
for damages for trespass quare clausum fre-
git, and plaintiff recovered judgment in the
sum of one cent, together with all the costs
expended in that behalf. Plaintiff appealed
from the judgment for insufficient damages,
and defendants file a cross-appeal against the
judgment for costs for more than one cent.
Judgment affirmed on the main appeal, and
reversed and rendered on the cross-appeal.

A. R. Powell, of Andalusia, for appellant.
Powell, Albritton & Albritton, of Andalu-
sia, for appellees.

SAMFORD, J. [1] The plaintiff in this
case claims damages upon two charges: (1)
For a statutory penalty for cutting trees on
the lands of the plaintiff; and (2) for tres-
pass quare clausum fregit. The evidence for
plaintiff establishes in him a paper title to

*Judgment quashed on certiorari by Supreme
Court. See 203 Ala. 246, 82 South. 344. For Supreme
Court opinion on appeal, see 203 Ala. 246, 82 South.
344.

the land running from the government, and
the cutting of the timber on the lands by the
defendant or his servants. The defendant
sought to justify under a title acquired by
adverse possession of ten years, and also by
adverse possession under what is known as
the "short statute" of five years. If the de-
fendant had title to the land at the time of
the cutting of the timber under either of
these statutes, it is a complete defense to
this action. Southern Railway Co. v. Hayes,
183 Ala. 465, 476, 62 South. 874.

[2] As we see it, it will not be necessary to
consider the questions raised under the plea
of the statute of ten years.

The defendant claims title through a tax
deed executed on August 15, 1888, in pursu-
ance of a sale of the lands for taxes due for
the year 1885, which sale took place on May
25, 1886. This sale was governed by an act
of the General Assembly of 1884–85, § 112,
p. 58, which provides that actions for the re-
covery of land sold for taxes under the act
shall not lie unless brought within five years
from the date when the purchaser may have
been entitled to demand a deed therefor.

It has already been decided by the Su-
preme Court that this tax deed was not val-
idly executed, and therefore was not suffi-
cient to transmit title under the tax deed.
Holloway et al. v. Henderson Lumber Co.,
194 Ala. 181, 184, 69 South. 821. But the
question presented by this record is not
whether the tax deed was validly executed,
but was the sale had, and may the purchaser
have been entitled to demand a deed there-
for, and after he may have become so enti-
tled, was he, or those holding under him in
succession, in the adverse possession of the
land continuously for a period of five years
before the bringing of the suit in this case?
Tidwell v. McCluskey et al., 191 Ala. 38, 67
South. 673. It is true that in the case at bar,
when it was on a former appeal to the Su-
preme Court, the learned Chief Justice said:

"The limitation prescribed as a bar to ac-
tion for lands sold for delinquent taxes does
not begin to run until the deed to the purchas-
er by the probate judge is legally executed and
recorded" (citing Flowers v. Jernigan, 116 Ala.
516, 22 South. 853)

—but that statement and the authorities cit-
ed was based upon the Code of 1876, §§ 460–
464, where the word "sale" as there used,
meant a completed sale, which included a
deed to the purchaser properly executed, ac-
knowledged, and recorded, while the trans-
action here involved is based upon the act of
1884–85, which plainly provides that the stat-
ute of limitations begins to run from the time
when the purchaser may have become enti-
tled to demand a deed. Capehart v. Guffey,
130 Ala. 425, 30 South. 390; Long et al. v.
Boast, 153 Ala. 428, 44 South. 955; Bedsole
et al. v. Davis, 189 Ala. 325, 66 South. 491;
Tidwell v. McCluskey, supra.

It will be observed that in the act of 1884–

85, § 112, the language is "five years from the date when the purchaser may have been entitled to demand a deed," whereas the subsequent Codes into which this statute was carried used this language, "when the purchaser became entitled to demand a deed." Code 1907, § 2311. The Supreme Court, in passing on the statute as it appears in the Code, in a case similar to the one at bar, used the following language:

"But the court admitted the tax deed as a color of title. Following this reasoning, the court below charged the jury that the plaintiff had shown a complete paper title to the land, and that the said proceedings in the probate court were inefficacious to destroy that title. This left open only two questions to be determined: (1) Whether or not the plaintiff had paid the taxes on the lands in controversy for the year 1898, which question, if found in favor of the plaintiff, was determinative of the case; but, if he did not pay such taxes for the year 1898, (2) whether or not Judson Lentz and the defendants held the lands adversely under what is known as the 'short statute of limitations' * * * for three years prior to July 1, 1907." Roman, Trustee, v. Lentz, 177 Ala. 67, 58 South. 438.

It has already been held in the instant case, on a former appeal, that the tax deed, while invalid to transmit title, was admissible as color of title. Holloway v. Henderson Lumber Co., supra. This deed, together with other evidence in the record, discloses the fact that the land was sold for taxes due for the year 1885 and bought in by the purchaser on May 25, 1886 (whether the sale was valid or not, is not here material), and therefore, if all of the formalities had been complied with, the purchaser would not only have been entitled to a deed, but would have had a deed valid in every particular, and in that case there would have been no necessity for the statute of repose as provided in the act. But the sale having been had under the act of 1884–85, and a defectively executed deed having been made and delivered to the purchaser, which deed is held to be color of title, which fact, together with other evidence in the case shows that the land was sold for taxes as hereinabove set out, and the evidence further disclosing without conflict that the purchaser, and those holding under him, had been in the continuous, adverse possession of the property for more than five years before the bringing of this suit, there was only one more question to be inquired into, to wit, Had the plaintiff and his grantor listed and paid the taxes on the lands in question for the year or years for the nonpayment of which the tax sale was made? Acts 1884–85, p. 58, § 112. It is not even intimated in the evidence that such is the fact; but, on the contrary, it appears that Holloway had abandoned these lands for a great number of years, at least as far back as 1866, and no claim of any kind was ever made to it by him or any one claiming under him until 1912, when Cravey, one of the plaintiffs, obtained a deed from Holloway to a one-half undivided interest. And while for a greater portion of this time between 1866 and 1912 the lands were wild and hardly susceptible of proof possessio pedis, the purchaser at the tax sale in 1886 sold the lands, and after that time this title changed hands a number of times until the trees on the land, the subject of this suit, were bought by the defendants. These several conveyances were all recorded and the taxes regularly assessed and paid by the various claimants under the original purchaser at the tax sale, and for at least eight years before the bringing of this suit those holding under the tax deed were in continuous, adverse possession in such manner as not to admit of question. The defendant was therefore entitled to the general affirmative charge on the short statute, and hence it is not necessary to consider other questions raised.

[3] The verdict of the jury, being for one cent, was contrary to the charge of the court as applicable to the evidence, but as the court was in error in refusing the general affirmative charge as requested by the defendant, the judgment will not be reversed on that account. Travelers' Ins. Co. v. Lazenby, 16 Ala. App. 549, 80 South. 25; Id., 202 Ala. 207, 80 South. 29.

The action being in tort, in the absence of a certificate from the presiding judge as provided by section 3663 of the Code of 1907, the plaintiff could recover no more costs than the damages awarded. That part of the judgment awarding damages in favor of plaintiff is affirmed, and that part of the judgment rendering judgment in favor of plaintiffs for all costs is reversed, and a judgment will here be rendered, awarding plaintiff costs of one cent and cross-appellant all other costs in the court below and of this appeal.

Affirmed on direct appeal: reversed and rendered on cross-appeal.