(88 South. 61)

STATE v. THURMAN.    (5 Div. 345.)

(Court of Appeals of Alabama.    Jan. 11, 1921. Rehearing Denied Feb. 1, 1921.)

1. HABEAS CORPUS ☞53—NOT SUBJECT TO TECHNICAL RULES OF PLEADING.

The writ of habeas corpus, which is a part of our inheritance as freemen, and preserved by Const. 1901, § 17, is not fettered by rules of technical pleading or procedure, but a substantial compliance with Code 1907, § 7010, and its corollary statutes is all that is necessary to secure the writ and bring before the judge the petitioner and his cause of detention.

2. HABEAS CORPUS ☞109—PETITIONER SENTENCED UNDER VOID JUDGMENT FOR CAPITAL OFFENSE REMANDED TO SHERIFF IF INDICTMENT IS VALID.

Where petitioner for habeas corpus to secure his release from the penitentiary was confined under a void sentence for a capital offense, he will not be discharged, but will be remanded to the sheriff of the proper county to be held for trial if the indictment on which he was convicted was valid.

3. HABEAS CORPUS ☞30(1)—IRREGULARITIES CANNOT BE REVIEWED.

Mere irregularities .in judgments or process not going to the jurisdiction cannot be reviewed on habeas corpus, and the illegality relied on for discharge must appear on the face of the proceedings.

4. EVIDENCE ☞41—SUPREME COURT TAKES JUDICIAL NOTICE OF TERMS OF CIRCUIT COURT.

The Supreme Court must take judicial notice that there was no regular or legal term of the circuit court of Elmore county on October 14, 1908, so that there could be no adjourned term thereof.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 9.    [2] Ante, p. 80.

**5. JUDGMENT ☞486(1) — JUDGMENTS AND PROCESS AT SPECIAL TERM NOT IN CONFORMITY TO LAW ARE VOID.**

Where a special term of the court was not called in conformity to Code 1896, §§ 914, 915, 917, but was called under the unconstitutional act of October 12, 1903, the court was not a court, and its judgments and processes were void, not merely voidable.

**6. HABEAS CORPUS ☞111(1)—PRISONER INDICTED AND SENTENCED AT TERMS NOT LEGALLY HELD WILL BE DISCHARGED.**

Where it appeared from the face of the proceedings that an indictment for a capital offense was returned at a term not legally called, and that the judgment was rendered at a regular term held under an unconstitutional statute, there is no valid indictment pending against the petitioner, and he will be discharged, not merely remanded to the sheriff.

**7. APPEAL AND ERROR ☞854(2) — RIGHT JUDGMENT RENDERED ON WRONG REASON WILL BE UPHELD.**

The judgment of the trial court will be upheld if it is correct, even though a wrong reason was given therefor.

**8. HABEAS CORPUS ☞85(1)—BURDEN IS ON STATE TO SHOW LEGAL RESTRAINT.**

In habeas corpus proceedings where petitioner alleges that he is illegally restrained of his liberty, the burden is on the state to show legal restraint by showing a judgment or process from a legally constituted court.

Appeal from Circuit Court, Elmore County; B. K. McMorris, Judge.

Habeas corpus proceedings by Tom Thurman to secure his discharge from the penitentiary where he was serving sentence of life imprisonment, after conviction of murder in the first degree. From an order granting the writ, and discharging the petitioner, the State appeals. Affirmed.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

After admitting that the trial and conviction was void, and making an analysis of the various authorities cited by petitioner, counsel insist that a discontinuance has not resulted; that the original indictment is valid, and stands against the defendant on which he should be tried; and that therefore he was not entitled to a discharge. In support thereof they cite the following: 26 Ala. 52; 31 Ala. 270; 51 Ala. 41; 71 Ala. 363; 91 Ala. 86, 8 South. 873; 94 Ala. 80, 10 South. 505; 110 Ala. 69, 20 South. 392; 115 Ala. 123, 22 South. 115; 115 Ala. 133, 22 South. 556; 149 Ala. 53, 43 South. 129; 4 Michie, sec. 178.

The petition itself is not legally sufficient. Secs. 7010, 7017, 7018, 7027, 7029, and 7034, Code 1907; 39 Ala. 560. The presumptions are all against the contentions of the petition. 77 Ala. 92; 204 Ala. 288, 85 South.

707; 16 Ala. App. 293, 77 South. 443; 75 Ala. 38; 126 Ala. 74, 28 South. 741, 30 South. 554; 13 Ala. App. 609, 68 South. 686; 83 Ala. 84, 3 South. 711.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellee.

The judgment of conviction was void. 142 Ala. 625, 38 South. 241. There was no authority for holding a court at the time and place and in the manner attempted. Sections 914, 917, and 928, Code 1896. 56 Or. 171, 108 Pac. 188; 118 Ark. 316, 176 S. W. 316, L. R. A. 1915E, 395; 85 Va. 1, 6 S. E. 700; 20 Ala. 446; 153 Ala. 37, 45 South. 227; 52 Ala. 348; 158 Ala. 41, 48 South. 592; 154 Ala. 52, 45 South. 901; 154 Ala. 64, 45 South. 891; 142 Ala. 625, 38 South. 241; 139 Ala. 56, 35 South. 1011; 183 Ala. 620, 62 South. 879; 42 Ala. 458.

SAMFORD, J. The petitioner, Tom Thurman, was indicted at a special or adjourned term of the circuit court of Elmore county held November 16, 1903, on a charge of murder in the first degree, and at what purported to be a regular term of the circuit court of Elmore county held March 9, 1904, defendant was put upon his trial, was convicted of murder in the first degree, and sentenced to life imprisonment in the penitentiary of the state, where he has since been confined, until the suing out of this writ. The judge of the nineteenth judicial circuit, before whom the petition was heard, granted the writ and ordered the petitioner discharged, but an appeal being taken by the state to this court, the order was suspended and petitioner remanded to the custody of the sheriff of Elmore county till such time as he should be discharged by law.

The defendant prayed a discharge on the ground that the judgment and sentence of conviction were void, because the circuit court of Elmore county was not legally in session in March, 1904, by reason of the fact that the act of the Legislature approved October 13, 1903 (Gen. Acts 1903, pp. 488, 566), fixing a regular term of the circuit court for Elmore county in March, 1904, was, and is, unconstitutional and void, and this point is conceded by the state. State ex rel. Attorney General v. Sayre, 142 Ala. 641, 39 South. 240, 4 Ann. Cas. 656; Kidd v. Burke, 142 Ala. 625, 38 South. 241. But the state insists that the indictment is valid, and therefore the petitioner, being under indictment for an offense which may be punished capitally, should be held to await a trial before a court having jurisdiction. If this were true the contention of the state would be correct, but is the indictment valid? Waiving a discussion of the question as to the authority of a de facto officer to make an order calling a special term of a circuit court, the

order under which the special or adjourned term of the circuit court of Elmore county was held on November 16, 1903, at which the indictment was returned, seems to have been in conformity to an act of the Legislature approved October 12, 1903 (Acts 1903, pp. 566–571), which act is also void. State ex rel. Attorney General, etc., 142 Ala. 87, 38 South. 835, 110 Am. St. Rep. 20. The order of the judge appearing in the minutes of the court dated October 14, 1903, calling the adjourned, or special, term for November 16, 1903, must conform to the requirements of sections 917 or 914 and 915 of the Code of 1896, that being the law in force at that time.

There having been no legal term of the circuit court of Elmore county in session on October 14, 1903, there could be no adjourned term of that session. In order for the term of court, November 16, 1903, to have been legally in session, it must appear from the minutes of the court, that the provisions of section 915 of the Code of 1896 have been complied with, and in the absence of such showing the court is not legally in session and its acts and judgments are void. McMillan v. City of Gadsden, 39 South. 569; Martin v. State, 77 Ala. 1; Knight v. State, 116 Ala. 486, 22 South. 902; Grant v. State, 62 Ala. 233. The last two cases cited, while upholding the order of the judge calling a special session, recognize the necessity of compliance with section 915 of the Code, supra.

It therefore follows that the petitioner having never been indicted by a grand jury legally organized, and there being no valid judgment against him convicting of crime, is entitled to be discharged. The judgment of the trial judge is affirmed and the petitioner is discharged.

## On Rehearing.

[1] Under the common law the writ of habeas corpus was used by our ancestors as the great "key of liberty to unlock the prison doors of tyranny"; it was written in the blood of freemen and came to us as a part of our inheritance from those who won it and preserved it, through the centuries, even antedating Magna Charta. It is a part of our civilization preserved to the citizens of this state under section 17 of the Constitution, that it may be used by those who are illegally restrained of their liberty. It cannot be bound down by the thongs of technical pleading, or its swift and effective relief hindered by captious objection or "finespun" theories of procedure. A substantial compliance with section 7010 of the Code of 1907 and its corollary statutes is all that is necessary in order to obtain the issuance of the writ, and, when issued, brings before the judge the petitioner and the cause of his detention. Under section 7027 of the Code, the judge is not confined in his examination ei-

ther to the case made by the petition or the return, but may "examine in a summary way into the cause of the imprisonment or detention" basing his action on such investigation.

[2] The only statutory limitations placed upon the power of a judge before whom a proceeding in habeas corpus is brought, are found in section 7033 of the Code of 1907, and those limitations are based upon "process from any court legally constituted. * * *"

The petition in the case at bar alleges that the judgment of the court under which petitioner is being held is void, and that he is being held without warrant and authority of law. The state concedes this to be a fact, but introduces in evidence an indictment charging defendant with murder in the first degree, purporting to have been returned by a grand jury at a special adjourned term of the circuit court of Elmore county on November 28, 1903, and asks that the defendant be taken from the place of his illegal confinement and remanded to the custody of the sheriff of Elmore county to await trial before a legally constituted court. And, if the indictment had been returned by a court legally constituted (Code, § 7033), such would have been the proper order, unless one of the exceptions prescribed by section 7033 existed. White v. State, 134 Ala. 197, 32 South. 320.

[3] Mere irregularities in judgments or process not going to the jurisdiction cannot be reviewed on habeas corpus (Ex parte Chandler, 114 Ala. 8, 22 South. 285), and where the illegality of a court rendering judgment or from which process issues is relied upon for the discharge of a person from custody, such illegality must appear on the face of the proceedings (Ex parte Bizzell, 112 Ala. 210, 21 South. 371).

[4] It appears upon the face of these proceedings, after admitting the void judgment of March, 1904, that there was no regular or legal term of the circuit court of Elmore county on October 14, 1903, and hence there could be no adjourned term of that term of the circuit court. Of this fact this court must take judicial notice. There was no legislative act fixing a term of the circuit court for Elmore county on November 16, 1903, at which time the indictment in this case was returned.

[5] The term of the court held November 16, 1903, must, therefore, depend for its legality upon sections 914 and 915 of the Code of Alabama, 1896. It affirmatively appears from this record that the term of the court at which this indictment was returned was not called in conformity to those statutes, and therefore it was no court, and its judgments and processes were not voidable, but void, and as if they had never been. Garlick v. Dunn, 42 Ala. 404; Rawlinson v. State, 154 Ala. 64, 45 South. 891; Gordy v. State, 154 Ala. 52, 45 South. 901; McMillan v. City of Gadsden (Sup.) 39 South. 569.

[6] Therefore this court knows that there is no indictment pending against the petitioner, issued or returned by a court legally constituted.

[7] It may be, as insisted by the state, that this hearing was had before the judge upon the theory that, as the judgment convicting defendant in March, 1904, was void, and defendant was not again put upon trial, there was a discontinuance of the prosecution. This seems to have been the determining point in the mind of the trial judge in ordering the petitioner discharged, and upon this proposition this court is not agreed. But it is agreed to the effect that if the trial court rendered a correct judgment, even if in doing so a wrong reason was given, the judgment should be upheld. Travelers' Ins. Co. v. Lazenby, 16 Ala. App. 549, 80 South. 25, 26 (opinion); Flowers & Peagler v. W. T. Smith Lbr. Co., 157 Ala. 510–512, 47 South. 1022; Johnson v. Coosa Mfg. Co., 16 Ala. App. 649, 81 South. 141; Holloway v. Henderson Lbr. Co., ante, p. 89, 81 South. 867.

[8] In habeas corpus proceedings, where petitioner alleges that he is illegally restrained of his liberty, the burden is on the state to show a legal restraint, and this burden is discharged when the state introduces in evidence a judgment or process from a legally constituted court acting within its jurisdiction in rendering the judgment or issuing the process. If the judgment or process is irregular, and voidable only, the petitioner would not for that reason be entitled to his discharge; but if the court was not legally in session, or was without jurisdiction to render the judgment or issue the process, it would be void and the petitioner entitled to his discharge. Ex parte Hardy, 68 Ala. 303.

We see no good reason for changing the decision heretofore rendered, and the application for rehearing is denied.

Application denied.