# National Bank of Augusta v. Baker Hill Iron Co.

### *Common Law Action of Ejectment.*

1. *Bill of exceptions; motion to strike because not signed in time.* When a bill of exceptions is not signed in term time, nor during the additional time then allowed by the court, but the transcript shows what purports to be an order signed by the judge, granting still further time for its preparation, during which it is signed, the bill of exceptions will not be stricken out on motion, although such order is not made a part of the record by insertion in the bill of exceptions.

2. *Variance between judgment entry and bill of exceptions.*—Where there is a conflict between the recitals of a judgment entry and a bill of exceptions, as to matters of which the bill should speak, the latter must be taken as true.

3. *Voluntary non-suit and appeal; what considered.*—Where a non-suit is suffered and a bill of exceptions taken, the revisory power of the appellate court is limited to those rulings and decisions which are proper matter of a bill of exceptions, and does not extend to rulings on the pleadings.

4. *Taxation; assessment; sale.*—Without a rigid adherence to the directions and forms of the statute regulating the assessment and sale of lands for taxes, a tax sale is void, and the owner is not divested of his title or estate.

5. *Adverse possession; color of title.*—A void tax deed is competent evidence as color of title to show the extent of the purchaser's possession only in cases where he has entered and claimed under it.

APPEAL from Cherokee Circuit Court.

Tried before Hon. JNO. B. TALLY.

This was a common-law action of ejectment, brought by the appellant against the appellee on November 18th, 1889. Several counts were afterwards added by amendment, the plaintiff's demise being laid in various lessors. Defendant filed several special pleas, together with the general issue, to some of which pleas demurrers by the plaintiff were overruled. The judgment entry recites that issue being joined, the trial was commenced, and "on account of the ruling of the court upon the pleadings, the plaintiffs take a non-suit with a bill of exceptions."

This judgment allowed the plaintiff further time after the adjournment of court within which to perfect the bill. As shown by the record of the lower court, this time was twice extended, and the bill finally signed within the time allowed by the last extension.

The bill of exceptions shows that issue being joined, the plaintiff introduced the assessment sheets of Cherokee county, which showed the lands in controversy, together with several other government subdivisions, to have been assessed as a whole to "Owner unknown," and to have been valued in bulk. The advertisement of the lands in said assessment for sale by the tax collector was also shown, the advertisement stating that the lands had been assessed to "Owner unknown," and would be sold "for the taxes," and did not show the amount of taxes due. A certificate of the tax collector was also introduced, showing the sale of all the lands in the assessment above noted, to A. F. Tomlin, after having offered the smallest portion thereof without getting a bid. A deed by the probate judge to Tomlin for said land was also put in evidence. To complete the record evidence of title in plaintiff, deeds were introduced from Tomlin to the Stonewall Iron Co., and from it by *mesne* conveyances, to the plaintiff. A. F. Tomlin, as a witness for plaintiff, testified that after his purchase, he rode several times over the land embraced in the certificate given him by the tax collector, and that then, the lands were

unoccupied, and no part cleared. That he exercised no other act of possession, but that he paid the taxes thereon up to the time he sold to the Stonewall Iron Co. He also stated that he could not say that he went upon the land in suit.

The evidence showed that after the sale by Tomlin to the Stonewall Iron Co. the latter had the land surveyed, posted notices thereon warning off trespassers, and on one occasion, gathered samples of ore therefrom. There was also evidence tending to show occasional occupation of a shanty on the land, but the evidence failed to connect the occupants with either party to the suit. The plaintiff, after 1888, had posted notices on the land, warning off intruders. The proof showed that the defendant had been mining the land since 1889. The plaintiff rested its case upon the foregoing facts, and thereupon the defendant moved to exclude all the assessment lists, the certificate of purchase executed to Tomlin by the tax collector, and the deed made to him by the probate judge. Each motion was granted by the court, and as shown by the bill of exceptions, by reason thereof, plaintiff took a voluntary non-suit, and brings this appeal.

Denson & Burnett, for appellant.

Caldwell & Johnston, contra.

HEAD, J.,—This is a common law action of ejectment against the Baker Hill Iron Co., the demise to plaintiff being laid in different lessors in the various counts of the complaint. The plaintiff's title was founded upon a sale for taxes of the premises in controversy and a deed made thereunder. It was also claimed that plaintiff's lessors had acquired title by adverse possession. The judgment entry recites that the plaintiff suffered a voluntary non-suit on account of adverse rulings of the court below on the pleadings, but the bill of exceptions declares that it was rendered necessary by the court's action excluding from the jury the tax deed, and the various proceedings culminating in a tax sale, on which the deed was based. The cause is submitted here on the merits and on a motion to strike from the record the bill of exceptions and also two papers purporting to be extensions of time for filing a bill of exceptions.

1. The motion to strike must be denied on the authority of *Mobile & Birmingham Railroad Co. v. Worthington*, 95 Ala. 598. The precise question here made was raised in that case and decided adversely to the contention of appellee. We adhere to that opinion.

2. If the recital in the judgment entry, that the nonsuit was taken in consequence of the rulings of the court on the pleadings, stood alone, the appeal could not be sustained. It is shown, however, by the bill of exceptions, that the non-suit was suffered on account of the exclusion of certain evidence from the jury. There being a conflict in this regard between the judgment entry and the bill of exceptions, as to matters of which the bill ought to speak, the rule is well settled that the recitals of the bill must be taken as true.—*Hurst v. McWhorter*, 72 Ala. 336; *McDonald v. Jacobs*, 77 Ala. 524.

3. It has been so frequently held, that, where a nonsuit is suffered and a bill of exceptions taken, as authorized by section 2759 of the Code, the revisory power of this court is limited to those rulings and decisions which are the proper matter of a bill of exceptions and does not extend to rulings on pleadings which of necessity form parts of the record, that no citation of authority is required in support of the proposition. The question has been so often and so uniformly decided that we ought not to be called on to decide it again. We are put to the necessity of once more saying, however, that the assignments of error which are directed to the court's rulings on the demurrers cannot be considered on this appeal.

4. There can be no sort of doubt that the tax sale and deed under which plaintiff claims were absolutely void for the reason that the assessment and sale were not made in compliance with the statutory requirements. The proceedings were had under the revenue law of 1868. Acts of 1868, p. 297. The assessment in question was made by the tax assessor to "owner unknown," for the years 1867, 1868 and 1869, and embraced a great many pieces of property, none of which were valued separately, as required by section 33 of the act, but all were assessed at one gross valuation. Furthermore, section 63 of the same act provides that the advertisement of sale by tax collector shall state the amount of taxes due for each year, on the real estate to be sold. This was not

complied with in the present case, the advertisement making no mention whatever of the amount of taxes due. Finally, the property was not offered for sale by sections or parts of sections, as required by section 79, but was sold *en masse*, though there were many different and disconnected subdivisions of sections. In all of these essential particulars, and in other respects, perhaps, there was a plain departure from the requirement of the statute, and the sale was thereby rendered invalid. As we have heretofore said, without a rigid adherence to the directions and forms of the statute, the sale is void and the owner is not divested of his title or estate. *Johnson v. Harper* in MSS., 18 So. Rep. 198, decided at last term; *Dowe v. Glennon*, 72 Ala 160; *Oliver v. Robinson*, 58 Ala. 46; *Clarke v. Rowan*, 53 Ala. 400; *Childress v. Calloway*, 76 Ala. 128.

5. The tax deed, though void as we have shown, would have been competent evidence, as color of title, to mark the boundaries and extent to the purchaser's possession, if there had been any evidence that he entered and claimed under it, but we find no such evidence in the record. There is nothing to show that he was ever in possession of the premises sued for. The tax deed was made to A. F. Tomlin who was the purchaser at the sale. He afterwards sold and conveyed the premises to the Stonewall Iron Co., which by its agents, entered upon the premises, claiming them as its own. This entry and claim were made, however, under the deed from Tomlin to Stonewall Iron Co., which of itself was enough to designate the limits of the possession claimed. Tomlin having acquired no interest under the tax deed, and having never been in possession, conveyed absolutely nothing by his deed, and hence the tax deed to him could form no part of the Stonewall Iron Company's muniment of title. It follows, therefore, that the action of the court in excluding from the jury the tax sale proceedings and the tax deed, on account of which the plaintiff suffered a non-suit, was free from error, and the judgment must be affirmed.