# Long, et al. v. Boast.

*Bill to Quiet Title.*

(Decided Nov. 21, 1907. 44 So. Rep. 955.)

1. *Taxation; Tax Sale; Irregularity; Statute.*—Though the proceedings leading up to the tax sale were irregular a purchaser at such sale after three years possession from the date when the purchaser becomes entitled to a deed acquires title thereto under section 4089, Code 1896.

2. *Quieting Title; Tax Sale.*—After three years possession under tax sale the purchaser is entitled, under section 4089, Code 1896, to maintain his bill to quiet title to same.

3. *Same; Tax Sale; Rights of Vendee of Purchaser.*—Under section 4067 and section 981, Code 1896, a quit claim deed by a tax sale purchaser conveys the interest of such purchaser, and vests in the assignee all the rights of the original purchase, and such assignee, if he takes and holds possession for more than three years after the original purchaser was entitled to a deed, may file bill to quiet title to such land.

4. *Taxation; Tax Sale; Possession; Limitation.*—The limitation prescribed by 4089, Code 1896, does not begin to run until possession of the land sold at tax sale is taken or acquired.

APPEAL from Walker Chancery Court.

Heard before Hon. Alfred H. BENNERS.

Bill by J. J. Long and another against William Boast to quiet title. From a decree for respondent, complainants appeal. Reversed and rendered.

BANKHEAD & BANKHEAD, and C. B. BROTHERTON, for appellant. There were irregularities admittedly in both sales, and the rights of complainants are based upon section 4089, Code 1896. Where the statute of limitations has run in favor of any party, he may make it the grounds of affirmative proceedings thereafter.—Cooley on Taxation, 3rd and 2nd Vols., p. 1023. Section 4089 is designed merely to prescribe a time within which the validity of a tax sale could be contested by the owner or purchaser or their privies.—*Waller v. Jones,* 107 Ala. 350; *Pugh v. Youngblood,* 69 Ala. 296; *Jones v. Randle,* 68 Ala. 258; *Roach v. The State,* 39 South. 685; Black on Tax Titles, sec. 488. This right extends to the assignee of the purchaser.—130 Ala. 425; 9 A. & E. Ency. of Law, p. 105.

J. D. ACUFF, for appellee. Confessedly, both sales contained irregularity, and such irregularity as to render the sales void, and the short statute of limitation must have the strictest construction, and in this case to give title to appellants it must have been completed immediately or within three years next after they were entitled to a deed.—*Carlisle v. Watts,* 78 Ala. 486; *Reddick v. Long,* 27 South. 404; *Patrick v. Boutwell,* 119 Ala. 296; *Jackson v. Kirksey,* 110 Ala. 547. A tax deed void on its face will not support the statute of limitations as a tax deed.—*Redfield v. Parker,* 132 U. S. 239. The short statute does not apply in cases like this.—25 A. & E. Ency. of Law, 737. The buyer at the tax sale never did go into possession, and when he sold the purchaser acquired nothing, and is not entitled to the benefit of the short statute.—*Smith v. Cox,* 22 South. 80; *Nat. Bank v. Baker Hill,* 19 South. 49.

SIMPSON, J.—The bill, in this case, was filed by the appellants against the appellee, under the statute, to quiet the title of complainants to the lands described. The agreed statement of facts shows that the paper title to the lands is in the defendant. The complainants claim under a quitclaim deed from R. A. O'Rear, who claimed under a quitclaim deed from T. L. Long, who held under a tax deed from the probate judge of Walker county, dated September 8, 1898. There were two tax sales; but it is admitted that both were irregular and did not convey title to the lands. The lands were wild timber lands, and neither O'Rear or Long ever took any possession of them; but when the deed was made to complainants, on October 3, 1900, they went into possession and have been in possession ever since.

The complainants insist that the defendant is barred from asserting his title by the statute of limitations of three years from the date when the purchaser at tax sale was entitled to a deed.—Code 1896, § 4089. The respondent (appellee) argues, first, that the probate judge did not have any jurisdiction to sell the land, by reason of the various irregularities in the proceedings; but the evidence is clear that there was a sale, and the object of the statute (section 4089) was to set at rest all such inquiries after the lapse of time.—*Pugh v. Youngblood*, 69 Ala. 296, 299; *Lassitter v. Lee*, 68 Ala. 287, 291; *Jones v. Randle*, 68 Ala. 258, 261; Black on Tax Titles (2d Ed.) § 498, p. 636. The appellee also claims that the statute in question has no application when a party comes into equity to quiet his title; but the very question which the court of equity is to decide is whether the respondent has any such title as would entitle him at law to recover lands from the complainants, and if his right or claim has been lost by limitation it would be a contradiction of facts to decree that he had

[Long, et al. v. Boast.]

title to the lands as against the tax purchaser. "The tax title claimant, in possession, may sue to quiet his title, after the expiration af the statutory period has barred the original owner, in which suit the owner is precluded by the statutory bar as effectually as if he were plaintiff in an action of ejectment."—27 Am. & Eng. Ency. Law (2d Ed.) p. 987; *Shawler v. Johnson,* 52 Iowa, 472, 3 N. W. 604.

The question which is most seriously argued, and the vital question in this case, is whether, in a case like this, where the original purchaser at the tax sale never went into possession, but where his vendee did, and held it for the required length of time, the said vendee can set up this short statute of limitations. The statute provides that "no action, for the recovery of real estate sold for the payment of taxes, shall lie, unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor." Nothing is said about possession at all, so that, under a literal construction of the statute, the suit would be barred, whether any one had ever gone into possession or not; but the courts, looking to the general purpose of such acts, have likened them to the ordinary statute of limitations, so that the enactment in question is simply a short statute of limitations, applicable, on grounds of public policy, to this particular class of cases, and the limitation does not begin to run until possession of the land is taken, except in those jurisdictions where an action. of ejectment is allowed against a person not in actual possession.—Cooley on Taxation, p. 377 et seq; Black on Tax Titles (2d Ed.) §§ 494, 496; *Baldwin v. Merriam,* 16 Neb. 199, 20 N. W. 250;; *Bolling v. Smith,* 79 Ala. 536, 539; *Smith v. Cox,* 115 Ala. 503, 510, 22 South. 78.

Our statute provides that the certificate of purchase is assignable by endorsement, which vests in the assignee "all the right and title of the original purchaser."— Code 1896, § 4067. Nothing is said in the statute about the right of conveyance, or assignment of rights, after the deed is made; but it is a general principle of law that a person can transfer or assign any interest in lands, legal or equitable, held by him, and our statute provides that "all persons * * * may alien their lands and any interest therein, whether immediate or future, certain or contingent, by instrument in writing." —Code 1896, § 981. With the policy of our laws so plainly indicated, it would be an extremely technical interpretation to hold that, although a person is permitted to assign all of his rights under a tax sale before he receives a deed, yet that right is cut off by reason of the fact that he has received a deed in pursuance of the certificate of purchase. The deed to the complainants conveys "all the rights, rents, and privileges" pertaining to said lands.

In a case where G. O. R., the purchaser at tax sale, before receiving a deed, sold the land to R. O. F., and executed a bond for title conditioned to make a quit claim deed on payment of the purchase money, said R. O. F. entered into possession and conveyed by quitclaim deed to the plaintiff. While other matters were involved in the case, the court, in laying down the principles which should govern, said: "The bond of G. O. R. to R. O. F. in effect was an agreement to convey all the equitable interest he then owned in the land, and was effectual to prevent the grantor from subsequently acquiring any right or interest in the land, through or by virtue of the equitable interest acquired by his purchase at the tax sale."—*Jernigan v. Flowers,* 94 Ala. 508, 512, 10 South. 437. We extract from this case the principles, first,

[Long, et al. v. Boast.]

that a tax purchaser acquires not merely a personal right, but an interest in the land, and, second, that he is not confined to the mode pointed out by the statute in disposing of that interest. It follows, then, that when the equitable interest has been converted into a legal interest it is still assignable by him by any ordinary mode of conveyance. So that in this case the purchaser at tax sale, even though the proceedings were irregular, acquired an interest in the land, towit, a right to take possession of the land and hold it for three years, and thereby acquire title; and when he made the deed to the complainants in this case, that interest and right were conveyed to the complainants, and the complainants, by virtue thereof, took possession, and, having held possession of the land for the required time, had the right to claim the benefit of the short statute of limitations as against the respondent in this case.

In the case of *National Bank of Augusta v. Baker Hill Iron Co.,* 108 Ala. 635, 19 South. 47, there was no claim of possession for three years, under the statute, by either purchaser or his vendee. The evidence showed only an occasional occupancy by each. Hence the statute was not invoked; and while it is true, as remarked in that case, that under the facts in that case the deed to the tax purchaser could form no part of the second purchaser's "muniment of title," yet under the facts in this case, a possession of three years having been proved, the deed to complainants' vendee was admissible to show that this was an action for the recovery of property which had been sold for taxes, and that the complainants were the successors in interest of the tax purchaser. The remark, in that case, that "Tomlin, having acquired no interest under the tax deed and having never been in possession, conveyed absolutely nothing by this deed,"

28 R

must be confined to the facts in that case, and is not an accurate expression of the law in this case, where the purchaser from the tax purchaser held possession for three years.

Under the facts in this case, complainants were entitled to the relief prayed in the bill. The decree of the court is reversd, and a decree will be here rendered declaring that the respondent has no interest in the lands.

Reversed and rendered.

TYSON, C. J., and ANDERSON and DENSON, JJ., concur.