# Vadeboncoeur *v.* Hannon.

## *Ejectment.*

(Decided April 15, 1909. 49 South. 292.)

1. *Ejectment; Pleading; Issue.*—Where the general issue is pleaded as a defense to a statutory action in the nature of ejectment, a special plea of the statute of limitation is unnecessary and may be stricken.

2. *Ejectment; Tax Title; Tax Deeds; Evidence.*—Where the purpose of the offer is not stated and there is no evidence of a preceding valid sale the auditor's deed for land sold for taxes is properly excluded when offered as a muniment of title by defendant.

3. *Same.*—The Act of Feb. 9, 1895, (Acts 1894-5, p. 488) does not have the effect to confer upon purchasers the benefit of section 2310, Code 1907, and a docket of tax sales which fails to show a valid sale is inadmissible in ejectment.

4. *Same; Limitation.*—It is within the power of the Legislature to enact statutes of limitation placing purchasers holding tax deeds issued by the auditor under Acts 1894-5, p. 488, in a weaker position than that occupied by those holding deeds from the judge of probate issued under the general order in sales of lands for taxes.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

[Vadeboncoeur v. Hannon.]

Action by Mattie B. Hannon against E. M. Vadeboncoeur in the nature of ejectment. From a judgment for plaintiff, defendant appeals. Affirmed.

ALLEN & FORT, for appellant. The court erred in sustaing the demurrers to the 4th plea.—*Page v. Youngblood*, 69 Ala. 296; *Lassiter v. Lee*, 68 Ala. 287; *Jones v. Randle*, 68 Ala. 258; *Long v. Boast*, 44 South. 955. The court erred in excluding the deed from the State Auditor.—*Trotter v. Moog*, 150 Ala. 460. The court should have admitted the Probate Docket.—*Trotter v. Moog, supra; Reddick v. Long*, 124 Ala. 260. The court erred in the charge given.—Authorities supra.

TILLMAN, GRUBB, BRADLEY & MORROW, and M. M. BALDWIN, for appellee. Plea four is defective.—*Crook v. Anniston*, 93 Ala. 4; *Johnston v. Harper; Trotter v. Mogg*, 150 Ala. 460. In any event it was harmless error to sustain the demurrer.—*Webb v. Reynolds*, 139 Ala. 389. The court properly excluded the deed from the Auditor.—*Johnson v. Harper, supra; Trotter v. Mogg, supra; Reddick v. Long*, 124 Ala. 261.

DENSON, J.—This is a statutory action of ejectment by Mattie Hannon against E. M. Vadeboncoeur to recover a tract of land in Jefferson county, particularly described in the complaint. The defendant, along with the plea of not guilty, filed a special plea, numbered 4, by which she sought to set up the statute of limitations of five years to defeat recovery by the plaintiff. The court sustained a demurrer to this special plea, and one of the grounds in the assignment of errors challenges this ruling of the court.

We have several times decided that (as in this action) the plaintiff carries "the burden of proving a le-

gal right to the possession of the premises in dispute, and of consequence (that) whatever operates a bar to his right of possession causes him to fail, entitling the defendant to a verdict. Unless it be of matter puis darrein continuance, the defendant may not plead any other plea (than not guilty). It is unnecessary and is foreign" to the issue.—*Bynum v. Gold*, 106 Ala. 427, 17 South. 667; *Lomb v. Pioneer Savings & L. Co.*, 106 Ala. 591, 17 South. 670. Therefore, as the plea could well have been stricken for being inappropriate and immaterial, we need not upon this occasion stop to pass upon its sufficiency.

The land was sold by the tax collector of Jefferson county on the 20th day of June, 1892, for the taxes due for the year 1891, at which sale the state became the purchaser of "lot 23, in block 4, Chestnut street, Forest Hill surveys." It was agreed between the parties that the land was sold by the state under the act of February 9, 1895 (Acts 1894-95, p. 488), and that the Auditor, on the 27th day of February, 1896, executed a deed conveying to the defendant what interest the state had acquired at the sale had on June 20, 1892. The deed from the Auditor was duly acknowledged, and was recorded in the office of the judge of probate of Jefferson county April 4, 1896. The bill of exceptions recites that, upon the offer by the defendant of the deed from the Auditor, conveying "lot 23, in block 4, Chestnut street, Forest Hill survey," as evidence, the court sustained plaintiff's objection thereto.

The specific grounds of the objection were that "it was not shown that the state had title to the property at the time the conveyance was made, it was not shown that the proceedings under which said property was sold for taxes, when bought in by the state, were regular and valid, and sufficient in law to vest title thereto in

the state, and because the said deed shows that the property thereby conveyed is not the property sued for in this cause." The defendant did not, in its offer of the deed, limit its evidence to any specific purpose; and in this state of the record it must be held that the court had the right to assume that the deed was offered as a muniment of title, and not simply for the purpose of bringing forward the statute of limitations of five years as a defense. (*Farley v. Bay Shell Road Co.*, 125 Ala. 184, 198, 27 South. 770) ; and, as it was incompetent evidence as a muniment of title without precedent evidence of regularity in the proceedings leading up to the tax sale, the court cannot be put in error for sustaining the objection.

It is not necessary to notice the other objections made to the deed.

For like reasons the ruling of the court, refusing to allow the docket of tax sales as evidence, must be held free from error. The docket falls short of showing that the statutory requirements essential to a valid sale were complied with. A stronger reason, however, why the court did not err in allowing the docket in evidence, is that it is not admissible under the statute.—Code 1886, § 605; Code 1907, § 2310. The sale to defendant, and the Auditor's deed, were confessedly made under the act of February 9, 1895 (Acts 1894-95, p. 488) ; and that act failed to confer upon purchasers of lands sold under its provisions the benefit of section 605, which was the right to offer, as prima facie evidence of the facts therein contained, books and records of the probate office.—*Doe v. Moog*, 150 Ala. 460, 43 South. 710.

The only remaining question is : Did the court err in giving the general charge for the plaintiff? The defendant frankly admits, in her brief, that if this court adheres to the ruling made in the case of *Doe v. Mogg*,

·supra, the trial court cannot be put in error for giving that charge. The case of *Long v. Boast,* 153 Ala. 428, 44 South 955, it is argued by defendant, is in conflict with the *Doe-Moog Case;* but that contention falls to the ground upon a comparison of the facts of the two cases. The *Long-Boast Case* was where a purchaser, under a deed made to him by the judge of probate, after tax sale made under the general law, was claiming the benefit of the statute of limitations of five years. The Legislature has seen proper to place the two classes of purchasers on different footings. This was within the compentency of the Legislature; and we cannot interfere with the statute enacted by that body, merely because it may be thought that purchasers holding deeds under the Auditor are by it placed in weaker position than that occupied by those holding deeds from the judge of probate.

No valid reason has been given why the court should overrule the case of *Doe v. Moog,* and we decline to do so, and here reaffirm that decision.

The judgment of the city court will be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.