# Tidwell *v.* McCluskey, *et al.*

## *Ejectment.*

(Decided November 7, 1914. Rehearing denied December 17, 1914. 67 South. 673.)

1. *Ejectment; Prima Facie Case.*—A plaintiff suing in ejectment makes out a prima facie case by showing that the husband was a grantee of a grantor in possession of the land under claim of ownership, and possession of the husband of the land until his death, and a conveyance to her of their interest by the husband's only heirs.

2. *Taxation; Tax Sale; Evidence.*—Where a defendant in ejectment claims title as a purchaser at a partition sale, and under title ac-

quired at a tax sale, and has made improvements, the proceedings leading up to the tax sale, including the deed, are admissible in support of the plea of the three years statute of limitations, under section 2311, Code 1907.

3. *Same.*—Under the short statute of limitations of three years (section 2311, Code 1907) a defendant in ejectment makes out a title by showing that he purchased under tax sale and held adverse possession for three years to the property prior to the bringing of the suit, and where such defendant holds under a partition sale the title vests by a conveyance from the agent who purchased at the tax sale.

4. *Same.*—Where defendant claims under the short statute of limitation of three years as adverse possessor under deed at partition sale of the property as well as by tax title acquired by the agent at tax sale, the fact that partitioners at some time previous to the tax sale recovered a judgment in ejectment against some third person, would not affect defendant's right to hold under the statute.

APPEAL from Lawrence Circuit Court.

Heard before Hon. C. P. ALMON.

Ejectment by Mrs. A. E. Tidwell against William F. McCluskey and others. From a directed verdict for defendants plaintiff appeals. Affirmed.

TIDWELL & SAMPLE, for appellant.

E. W. GODBEY, for appellee.

GARDNER, J.—Suit in ejectment by appellant against one McCluskey, who was in possession of the land sued for, as a tenant of appellee F. N. McMillan; the latter, upon suggestion of such tenant, coming in and becoming the party defendant to the suit.

(1) Appellant proved possession of the land in one W. B. Irwin under claim of ownership, and deed from Irwin to T. G. B. Pruitt (husband of plaintiff), during such possession, January 2, 1860, and possession of said Pruitt from time of the execution of said deed to his death in 1863. It was further testified by the plaintiff that she continued in possession until about the year 1904, and she offered deeds from the two children of said Pruitt (his only heirs), conveying to her their in-

terest in said property, one deed of date July, 1882, and the other of February, 1891.

It may be conceded that under the proof offered by the plaintiff she made out a prima facie case for recovery.—*Dodge v. Irvington Land Co.,* 158 Ala. 91, 48 South. 383, 22 L. R. A. (N. S.) 1100. The proof shows that the plaintiff left the property, and the same was, it would seem, abandoned by her for a number of years prior to this suit.

In this record, a number of parties, Isaac A. J. Parker and others, are referred to as the "Parkers." Counsel in his brief so designates them, and for convenience we adopt the same course.

It appears that in 1903 one Mayfield was in possession of this land (under what character of claim, if any at all, is not disclosed), and the said Parkers brought suit in ejectment against said Mayfield and recovered judgment March 4, 1903. One J. M. West acted as their agent in the matter of this suit, and he rented the property out for the said Parkers. The said Parkers filed a bill in chancery for a sale of the property for division among them as tenants in common, and the sale was had under decree of August 26, 1907, duly confirmed; and deed was executed by the register on January 4, 1908, to the appellee F. N. McMillan, the purchaser at said sale. Said McMillian has been in the actual possession of said property since the execution of the deed of January 4, 1908, under claim of ownership, and has made many improvements of the property. This suit was brought March 29, 1912. It was also shown on the trial that for the year 1902 this property was assessed for taxation, against the plaintiff, and was sold for taxes; J. M. West, agent of the Parkers, becoming the purchaser. The certificate of sale bears date

May 18, 1903, and the deed made to said West May 22, 1905.

(2) All the proceedings, from the assessment of the property for taxation, to the certificate of sale, advertisement, notice of owner, etc., were offered in evidence by the defendant, including, of course, the tax deed above referred to. Upon objection by the plaintiff, the court excluded each item of such evidence as a muniment of title, but admitted the evidence in support of the plea of the defendant, of the statute of limitations of three years. It is not questioned by counsel that for this purpose this evidence was admissible.—*Pugh v. Youngblood,* 69 Ala. 296; *Long v. Boast,* 153 Ala. 428, 44 South. 955; *Hooper v. Bankhead,* 171 Ala. 626, 54 South. 549.

J. M. West, the agent of the Parkers, and purchaser at the tax sale, deeded his interest in the property to the said Parkers, by conveyance of date March 26, 1906. In fact, it is proven without objection, and is without dispute, that West made the purchase as agent for the Parkers, and the deed made by him to them was but a consummation of the agreement between them.

(3) The Parkers were in possession from 1903 to 1907, inclusive, and were succeeded in possession by defendant McMillan, the purchaser of their title at the sale by the register; and McMillan had been in the open, actual possession, under claim of ownership and under color of title, for more than three years next before this suit was brought.

That portion of section 2311 of the Code of 1907 (Code 1896, § 4089) with which we are here concerned, designated as the "short statute of limitations," reads as follows: "No action for the recovery of real estate sold for the payment of taxes shall lie, unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor."

Then follow exceptions not here involved.

In the case of *Capehart v. Guffey,* 130 Ala. 425, 30 South. 390, attention was directed to the change in the statute since the decision of *Jones v. Randle,* 68 Ala. 258, and the different sections of the Code with reference to this feature are there noted and commented upon. This court has recently had these sections under review in the case of *Bedsole v. Davis,* 189 Ala. 325, 66 South. 491, wherein it is said: "An examination of the above-quoted sections of the Code will show that the present statute of limitations of three years begins to run in favor of a purchaser at a tax sale, or his vendee, in actual possession on the day 'when the purchaser became entitled to demand a deed therefor.' "

The time, therefore, from which may date the statute of limitations, is as above stated, and as found in the statute, "when the purchaser became entitled to demand a deed therefor."

While nothing is said in this statute requiring possession, yet as said in *Long v. Boast, supra:* "The courts, looking to the general purpose of such acts, have likened them to the ordinary statute of limitations, so that the enactment in question is simply a short statute of limitations, applicable, on grounds of public policy, to this particular class of cases, and the limitation does not begin to run until possession of the land is taken," etc.

And in *Hooper v. Bankhead, supra,* it is said: "In order for a purchaser of a tax title to invoke the protection of the statute of limitation considered in *Pugh v. Youngblood,* and of a like character of statute (now Code 1907, § 2311), he must have had, for the requisite period, adverse possession of the premises involved."

In *Long v. Boast, supra,* it was admitted that the tax sale was irregular and conveyed no title to the land. Long, the purchaser at the tax sale, conveyed by quit-

claim to O'Rear, and the complainants to the bill received their title by quitclaim deed from said O'Rear. Neither Long nor O'Rear ever took possession of the land, but when the deed was made to complainants they went into possession and continued therein. It was there said: "So that in this case the purchaser at tax sale, even though the proceedings were irregular, acquired an interest in the land, to-wit, a right to take possession of the land and hold it for three years, and thereby acquire title; and, when he made the deed to the complainants in this case, that interest and right were conveyed to the complainants, and the complainants, by virtue thereof, took possession, and, having held possession of the land for the required time, had the right to claim the benefit of the short. statute of limitations against the respondent in this case."

We are of the opinion that that case is decisive of this. It may not be, under this authority, necessary that the Parkers take possession of the land under the facts of this case, but it is without dispute that they were in possession. The right and interest of J. M. West, under the tax deed, vested in them by his conveyance; and by the deed of the register of January 4, 1908, to defendant McMillan, this right and interest vested in him. That right, as quoted above, was "a right to take possession of the land and hold it for three years, and thereby acquire title," as against this plaintiff. Whatever interest the Parkers had passed to this defendant by the deed of the register. It is without dispute that defendant immediately took actual possession, and has been in such possession openly and continuously, under claim of ownership, for more than three years next before this suit. That the possession of the defendant has been of such adverse character as to come within the decisions of the court there can be no doubt.

Had the Parkers made deed direct to the defendant, the case would be, it seems, almost on a parallel with that of *Long v. Boast, supra,* and of course it can make no difference in principle that this title passed, by sale for partition, through the chancery court. And so, also, the result would seem to be the same, even though West or the Parkers had never had possession, as was the case with Long and O'Rear in *Long v. Boast.*

(4) Such being the situation, we do not see the force of the reasoning of counsel for appellant that this defendant cannot avail of the statute of limitations because the Parkers had several years before recovered a judgment in ejectment against one Mayfield, who seems to have been at one time in possession.

The tax deed was of date the year 1905, and, had the Parkers had no possession whatever, yet under the ruling in *Long v. Boast,* the defendant, who, under his deed which conveyed to him all the right, title, and interest of the Parkers, including, of course, the rights acquired by the tax sale, took possession and has held the same adversely under his claim of ownership for more than three years, would prevail as against the plaintiff in this suit.

Under the undisputed evidence in this case, therefore, we conclude that the court properly gave the affirmative charge for the defendant at his request, and the judgment is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.