# Doe, *ex dem.* Evers *v.* Matthews, *et al.*

## *Ejectment.*

(Decided January 14, 1915.    Rehearing denied February 4, 1915.
68 South. 182.)

1. *Statutes; Repeal; Re-enactment; Constitutional.*—Although section 4101, Code 1896, was repealed by section 4, Acts 1898-9, p. 121, said act was repealed by Acts 1903, p. 184, notwithstanding the provisions of section 45, Constitution 1901, since the reference to said section 4101, was only a legislative recognition of the fact that the legislature was dealing with the subject dealt with in that section, and hence, omission of a reference was immaterial.

2. *Taxation; Sales; Actions; Limitations.*—The provisions of section 2325, Code 1907, extends the three year limitation against recovery by the former owner provided by section 2311, Code 1907, to a purchaser of land from the state which had been sold for taxes.

3. *Statutes; Enactment; Constitution.*—Within section 45, Constitution 1901, the Code of 1907, is one enactment, and a reference to the two preceding sections, contained in section 2325, Code 1907, is not within the constitutional prohibition.

[Doe, ex dem. Evers v. Matthews, et al.]

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Ejectment by one Doe on the demise of W. A. Evers, against E. E. Matthews and others. From a judgment for defendants, plaintiff appeals. Affirmed.

The following is the agreed statement of facts : That on October 7, 1889, the United States issued and delivered a patent to Augusta Oates, conveying the lands sued for, which patent was recorded in the office of the judge of probate of Jefferson county in July, 1892. That October 9, 1899, Augusta Oates and wife executed and delivered a deed to said to William A. Evers, which was filed for record in February, 1892. On March 2, 1907, Evers, an unmarried man, executed and delivered a deed to Lee White to said property, which was filed and recorded in the office of the judge of probate in May, 1908. That on August 27, 1908, Lee White and wife executed and delivered a deed to Grant & Hails, and this deed was recorded January 19, 1909. On February 23, 1909, Grant and wife executed and delivered a deed to C. E. Hails to said land, which was recorded in April 1909. That on May 13, 1901, the probate court of Jefferson county rendered a decree for the sale of said property as the property of William A. Evers, the then owner of said property; and on June 19, 1901, the land was sold by the tax collector, and bought in by the state of Alabama, for an amount equal to the taxes, fees, and costs—these latter facts being admitted and limited to the sole purpose to show that there was a sale of the property to pay the taxes due thereon, the date of said sale, to enable defendant to claim the statute of limitations of three years and the benefits conferred by section 2308, Code 1907, and as an evidence of the bona fides of the claim of the defendants. Said decree is not offered as a muniment of title, and the reg-

ularity or legal sufficiency of said decree and said sale to pass title is not admitted. That June 23, 1903, W. T. Poe made application to the state auditor to purchase all of said property except that portion thereof as to which a disclaimer has been filed by defendant, and the auditor, not knowing the place of residence of said Evers, or any other person having an interest in said land, issued a notice in writing, addressed to said William Evers, and mailed it to the probate judge of Jefferson county, Ala., certifying that such application had been made, and fixing 60 days therefrom within which said Evers, as owner, or any other person having an interest in said land, might redeem same, which notice the judge of probate caused to be posted at the courthouse in said Jefferson county; but, not knowing the address of said Evers, no notice was mailed to him by the judge. Said property was not redeemed, and on September 7, 1903, all of said property, except that portion disclaimed, was sold by the state to J. L. and Lee McGinsey, and on said date the auditor executed a deed to them which was recorded in the office of the judge of probate, on September 26, 1903. Said deed was admitted and limited to the same and sole purpose as was the decree and sale as set out above, and as color of title. Deed from Lee McGimsey and wife to B. F. McGimsey to an undivided half interest, executed October 31, 1904, and recorded August 19, 1910. Deed from J. L. and B. F. McGimsey to J. T. Glover and William Vaughan to a one-eighth undivided interest, executed December 5, 1910, and recorded February 16, 1911. Deed from William Vaughan and wife to Jonas Schwab to a one-sixteenth undivided interest, executed April 8, 1911, and recorded May 8, 1911. Deed from Schwab and wife to A. Trepter to their undivided interest in the land, executed June 1, 1912, and recorded. Deed

[Doe, ex dem. Evers v. Matthews, et al.]

from J. L. McGimsey, unmarried, to B. C. McGimsey, to all his interest in said land, executed August 12, 1912, and recorded October 3, 1912. Then follows an agreement as to a continuous holding of the various parties, beginning September 7, 1903, down to and including June 1, 1912, and certain acts of ownership exercised by the various parties in the payment of taxes and building of fences, etc., and that such holding was actual, hostile, open, and notorious.

The tax sale decree and auditor's deed are made exhibits to the agreement.

JOHN C. FORNEY, and W. H. SMITH, for appellant.

JOHN T. GLOVER, for appellee.

SAYRE, J.—Defendants (appellees) being in possession of a tract of land under a tax title purchased from the state, plaintiff, the former owner, sued in ejectment, alleging sundry defects and deficiencies in the title under which defendants claimed. The cause being tried by the court without the intervention of a jury, judgment was rendered for defendants on the evidence stated in the record.

This property was sold for taxes due from appellant, the then owner, under a decree of the probate court in the summer of 1901, and bid in by the state. Persons under whom appellees claim purchased the property from the state auditor in September, 1903. This suit was brought in July, 1913. Other facts are stated in the agreement to be found in the record, and will be referred to as necessary in dealing with the objections taken to appellees' title.

(1) In giving notice of the sale of the state's title, the auditor and the judge of probate followed in respect

of notice to the former owner the provisions of that
part of the act of March 4, 1903 (Acts 1903, p. 184 et
seq.), which purports to amend section 4101 of the Code
of 1896. Appellant contends that the auditor should
have pursued the proviso of section 4 of the act of Feb-
ruary 15, 1899 (Acts 1898-99, p. 121), reading as fol-
lows: "Provided, that upon application for the purchase
of real estate under this act, the auditor shall notify
the former owner thereof, and give him sixty days' time
after such notice in which he may redeem."

It was enacted in the last section of the act of Feb-
ruary 15, 1899, that all laws and parts of laws in con-
flict with the provisions of that act be and the same
were thereby repealed. Section 4101 of the Code of
1896 dealt with the subject of notice to the former own-
er before sale by the auditor, providing a notice differ-
ent from that prescribed by the proviso to secton 4 of
the act of February 15, 1899. This section of the Code
of 1896 clearly was repealed by the proviso of the act
of February 15, 1899. The sum of appellant's argument
on this point, then, is that the enactment of March 4,
1903, the general revenue law of that year, in so far as
it prescribes notice in cases of sales by the auditor, is of
no effect, for the reason that section 4101, which it
purports to amend, had been previously repealed. The
argument is unsound. What the Legislature intended
by the act of 1903 to prescribe in the matter of notice
is plain beyond cavil. This intention must be given ef-
fect, as for any objection to the method of its expres-
sion to be found in section 45 of the Constitution, be-
cause the subject-matter was germane to the state's rev-
enue and the legislative will was set out in extenso.
The reference to section 4101 of the Code is no more
than a legislative recognition of the fact that it was
dealing with the subject that had been before that dealt

with in the section named. The injection or omission of this reference was not, nor could have been, of any consequence, since without it the legislative will was clearly and fully expressed, and so expressed as to operate necessarily as a repeal of the proviso of the act of February 15, 1899, not to mention the concluding general clause repealing all laws and parts of laws inconsistent therewith.—*Street v. Hooten,* 131 Ala. 492, 32 South. 580; *Ferguson v. Commissioners of Jackson County,* 187 Ala. 645, 65 South. 1028. On this point the court below committed no error.

(2, 3) Properly, also, the court held that appellees in possession (*Long v. Boast,* 153 Ala. 428, 44 South. 955) were entitled to the benefit of the short statute of limitations of three years provided by section 2311 of the Code of 1907. So much of this section as needs be quoted is in these words: No action for the recovery of real estate sold [by the tax collector to an individual purchaser under decree of the probate court] for the payment of taxes shall lie, unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor.

Section 2325 provides: When lands have been sold by the state, as provided in the two preceding sections [providing for sales by the auditor where the state has bid in the land, as in this case], and the purchase money had been paid, the state auditor, in behalf of the state, shall execute to the purchaser a deed, * * * and he shall be clothed with all the rights, liens, powers, and remedies, whether as plaintiff or defendant, respecting said lands as an individual purchaser at the tax collector's sale would have in similar circumstances.

There is nothing in section 45 or elsewhere in the Constitution prohibiting such reference provisions in the Code as that just quoted from section 2325. The refer-

ence and the provisions referred to are parts of one enactment, the Code; whereas, the constitutional mandate that no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only, controls the legislative enactment of separate and distinct statutes, both of which cannot be considered by the legislature at one and the same time. References of this sort are of common occurrence in the Code, and we find no reason why they should be condemned.

In *Hooper v. Bankhead,* 171 Ala. 626, 54 South. 549, considering the proper interpretation of section 2325, and noting a difference in the situations of a purchaser from the tax collector and a purchaser from the auditor, it was said to be by no means clear that section 2325, conferring on purchasers from the auditor the rights, remedies, etc., enjoyed by purchasers from the tax collector, comprehended the short statute of limitations provided by section 2311; but, the question having been obviated in that case by considerations stated, it was left for future decision.

Now, upon further consideration, we are of opinion that the legislative purpose was to make the short statute of limitations applicable to cases of purchase from the auditor, as to cases of purchase from the tax collector. There is as much reason for a short statute of repose in the one class of cases as in the other. The latest legislative treatment of the subject appears to have had in view the propriety of putting purchasers in the two cases upon something like a footing of equal advantage. In any case, whether the state or an individual buys at the tax collector's sale, the former owner has two years in which to redeem before a deed can be made to the individual or a sale made by the auditor, and while it is undeniable that more specific language might have been employed, still, construing section 2325 in

furtherance of the manifest legislative purpose to establish the value of tax titles by promoting their repose, and yet without doing the slightest violence to the letter of the section—indeed, following the broad general tenor of its language—we think it must be held to extend the short statute provided in section 2311 to cases in which title is claimed under a deed from the auditor.

Other questions argued in brief of counsel for appellant have been decided adversely to him in *Gamble v. Andrews*, 187 Ala. 302, 65 South. 525. What was there said need not be repeated.

Finding no error, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and DE GRAFFENRIED, JJ., concur.