# Baines *v.* Williams.

### Bill to Quiet Title.

(Decided January 30, 1916.   70 South. 644.)

1. **Taxation; Sale for; Claiming Title; Burden of Proof.**—Where defendant asserted, in answer to complainant's bill to quiet title, his unqualified title to the lot under register's deeds executed pursuant to an order of the chancery court for the sale of lots for taxes due a city, but did not assert any statutory charge or lien on the property under § 1326, Code 19070, the burden was on him to affirmatively show that every substantial requirement of the law for the sale of property for taxes had been complied with, in the absence of a statute to the contrary; the greatest strictness being required in a proceeding to divest an individual of title to his property without his consent.

2. **Same; Evidence.**—Where defendant asserted absolute ownership of the property, title to which was sought to be quieted, under register's deeds executed at a tax sale ordered by the chancery court for the payment of taxes, the introduction in evidence of the deeds made pursuant to the order of sale did not, in the absence of a statute so providing, establish prima facie a substantial compliance with all the requirements of the tax law necessary to vest title in him, as there is no presumption as to the regularity of tax sale proceedings.

3. **Same; Deed; Acknowledgment; Defect.**—Deeds executed by a register under an order of the chancery court selling the property for payment of city taxes were defective where the acknowledgment thereto failed to recite that the grantor was informed of the contents of the conveyance, or words of equivalent import.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by J. W. Williams against H. L. Baines to quiet title to land. Decree for complainant, and respondent appeals. Affirmed.

Z. T. RUDOLPH, and ALLEN, BELL & SADLER, for appellant. HARRIS BURNS, for appellee.

McCLELLAN, J.—(1) Williams, the appellee, filed this purely statutory bill to quiet title to certain lots therein described. The appellant is the respondent. The respondent answered, and, besides denying complainant's right or title to, or possession of, the lots in question, asserted his unqualified title to the lots in virtue of tax sales ordered by the chancery court of Jefferson to enforce the collection of the taxes due the city of Birmingham. The answer did not seek the declaration of any statutory charge or lien upon the property accruing or available to the respond-

ent.—Code, § 1326. As stated, the sole claim propounded by the respondent was that of the title to the property.

"In sales of land for taxes great strictness is required. To divest an individual of his property against his consent, every substantial requirement of the law must be complied with. * * * Unless relieved thereof by express statute, * * * the burden is on him who traces his right to or interest in lands through tax proceedings to show affirmatively that the requirements of law with respect thereto were observed in the processes essential for the transmission of title."—*Drennen v. White,* 191 Ala. 274, 68 South. 41, 42; and cases therein cited.

(2) There is no statute of which we are aware giving the recitals of a register's deed consequent upon a chancery sale for the enforcement of charges for municipal taxes the force or effect to establish prima facie the facts such an officer may appropriately recite in the conveyance, as is the law's provision, in section 2297, with respect to tax deeds executed by judges of probate. The respondent did not show, even prima facie, a substantial compliance with all legal requirements necessary to invest him or his predecessor in asserted right with title to the property in question; the deed alone being ineffective for that purpose. There is no presumption of regularity in tax proceedings of this character, unless it is validly created by statute; and no such applicable statute has been brought to the attention of the court.—*Smith v. Cox,* 115 Ala. 503, 508, 22 South. 78, and *Drennen v. White, supra,* among others. There is nothing in the testimony of the respondent, which has been carefully considered, having any evidential or probative effect to discharge the stated burden on respondent to show compliance with the legal prescriptions for the effectuation of a sale to enforce the charge for municipal taxes.

(3) As pointed out for appellee, the acknowledgments of the instruments signed by the register are defective, in this: They omit to recite that the register was informed of the contents of the conveyance; and no terms of equivalent import are found in the acknowledgments.—Code, § 3361; *Parker v. Boutwell,* 119 Ala. 297, 24 South. 860.

The decree is not affected with error. It is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.