(79 South. 309)
HOWARD v. TOLLETT. (5 Div. 710.)
(Supreme Court of Alabama. June 6, 1918.)

1. TAXATION ☞789(3) — EVIDENCE — TAX DEED—ADMISSIBILITY.
    Where defendant in ejectment claimed under auditor's tax deed, but failed to prove posting of notice as required by Code 1907, § 2279, it was not error to exclude deed offered as muniment of title.

2. TAXATION ☞773—TAX SALE—AUDITOR'S DEED—RECITALS.
    Code 1907, § 2297, making recitals of tax deed prima facie evidence of proceedings, does not apply to deeds by auditor, but only to those by probate judge.

3. TAXATION ☞773 — TAX DEEDS — REQUISITES AND SUFFICIENCY.
    Mere recital in tax deed by way of conclusion as to legality and regularity of proceedings

is not prima facie evidence of each required step, but deed should recite kind and character of notice.

4. TAXATION ☞805(4) — TAX SALES — REMEDIES OF OWNER.
    Code 1907, § 2311, cutting off right to contest tax sale for irregularities after three years after purchaser becomes entitled to demand deed therefor, does not begin to run until possession of land is taken or acquired.

5. EVIDENCE ☞139—ADMISSIBILITY—REGULARITY OF TAX SALE—SIMILAR SALES.
    In ejectment, where defendant claimed under tax deed, collector was properly denied right to prove due notice by showing what had been his general custom.

6. TAXATION ☞810(1)—TAX DEEDS—NOTICE —PRESUMPTIONS.
    Court cannot presume that land covered by tax deed was situated in courthouse precinct, so as to make posting of notice on courthouse sufficient.

Appeal from Circuit Court, Chilton County; Leon McCord, Judge.

Ejectment by J. M. Tollett against W. B. Smith, with notice to O. L. Howard, as landlord, who came in and was made party defendant. Judgment for plaintiff, and defendant Howard appeals. Affirmed.

Plaintiff relied on deed from Adolph Lund and wife of date May 2, 1911, and it was shown that Lund had had prior possession of the land, which he conveyed. Defendant held and claimed the land sued for under deed executed to him by C. B. Smith, as state auditor, on April 24, 1914. The evidence tended to show without controversy that the land was regularly assessed for taxes for the year 1907 to owner unknown; that the tax collector's docket of delinquent taxpayers was regularly delivered by the tax collector to the judge of probate of that county, and that the land was duly and .regularly sold by the tax collector on June 29, 1908, the sale being in strict compliance with the decree, and there being no irregularity in the proceedings leading up to the case, and was bought in by the state for the taxes, fees and costs; that the auditor addressed a notice to "Owner Unknown," notifying him that O. L. Howard had made application to purchase said land, such notice being addressed to the probate judge of Chilton county, and it was shown to have been posted at the courthouse of said county, notice of the sale having been published in a newspaper published in said county.

M. M. & Victor H. Smith, of Pell City, for appellant. Lawrence F. Gerald, of Clanton, for appellee.

ANDERSON, C. J. ` [1] It matters not whether the sale and notice thereof was governed by the Code of 1907, or the law prior to the adoption of same, as section 2279 of the Code of 1907 and section 4057 of the Code of 1896 are identical as to the notice to be given by the tax collector, and which provide for 30 days' notice before the sale by publication for 3 weeks in a county newspaper

and the posting of a notice at the courthouse and at some public place in the precinct in which the real estate is situated for at least 3 weeks previous to the day of sale. It has been repeatedly held that the burden is upon him who claims land under a tax deed to show a substantial compliance with the statutory provisions, and in the absence of such proof no validity attaches to a deed made in pursuance of a tax sale. McKinnon v. Mixon, 128 Ala. 612, 29 South. 690; Johnson v. Harper, 107 Ala. 706, 18 South. 198; Nat. Bank v. Baker Hill Co., 108 Ala. 635, 19 South. 47; Reddick v. Long, 124 Ala. 260, 27 South. 402; Baines v. Williams, 195 Ala. 525, 70 South. 644. The appellant having failed to prove the posting of notice as the statute required in the precinct where the land was located, the trial court did not err in excluding the auditor's deed as muniment of title, and it does not appear to have been offered for any other purpose.

[2, 3] It is true section 2297 of the Code of 1907 makes the recitals of the deed prima facie evidence of the proceedings therein recited; but this section applies to deeds by the probate judge, and not the auditor. Vadeboncoeur v. Hannon, 159 Ala. 617, 49 South. 292; Baines v. Williams, supra. We do not mean to hold, however, if said statute applied to the deed in question, that its general recitals by way of conclusion as to the legality and regularity of the proceedings would be prima facie evidence of each required step. In other words, in dealing with the notice, the deed should recite the kind and character of the notice, and not merely say that it had been legally or regularly given.

[4] It has been held that the short statute of limitations (section 2311 of the Code of 1907) applies to tax sales by the state as well as by the collector, having been made so by section 2325 of the Code of 1907. It seems that this short statute of limitations operates to cut off the right to contest the sale for irregularities, or upon grounds other than the ones provided by said section 2311. Evers v. Matthews, 192 Ala. 181, 68 South. 182. This statute, however, does not begin to run until the possession of the land sold at the tax sale is taken or acquired. Long v. Boast, 153 Ala. 428, 44 South. 955. The appellant did not show possession of the land involved for three years before the commencement of the suit, and could not, therefore, invoke the short statute of limitations. The plaintiff's evidence showed the appellant's possession during the years 1916 and 1917, but there was no proof that he had possession for three years.

[5, 6] The trial court did not err in not letting the collector prove the notice by showing what had been his general custom. Nor can we assume that the land was situated in the courthouse precinct, so as to make the posting upon the courthouse sufficient.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.