(96 South. 880)

## WILLIAMS et al. v. OATES. (4 Div. 24.)

(Supreme Court of Alabama. Feb. 8, 1923. Rehearing Denied June 28, 1923.)

I. Taxation ⬤☞805(4)—Limitations for action for land sold for taxes applicable though assessment to another than owner.

Code 1907,·§ 2311, limiting actions for real estate sold for taxes to three years from the date when the purchaser became entitled to demand a deed, applies in a case where the purchaser had had three years' adverse possession under his deed, though the assessment was in the name of and against a person having no interest in the land; this not being one of the exceptions enumerated in the statute.

On Rehearing.

2. Courts ⬤☞95(2) — No departure from domestic construction of statute because of later decision of foreign court.

The court is not at liberty to depart from its decision of 40 years' standing that the statute of limitations for action for recovery of real estate sold for taxes is applicable even in case of a void sale, notwithstanding the court of the state from which the statute came has accepted a different view of a similar statute.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action of ejectment by William C. Oates against Dan Williams, with D. C. Carmichael and B. F. Cummings intervening to defend. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

The source of plaintiff's title is a deed from H. A. Powell and B. G. Farmer and their wives. Plaintiff did not pay taxes on the property for the year 1910. In 1911 the property was assessed by the tax assessor to C. E. Sellers, a former owner, and such property was reported as delinquent for the years 1910 and 1911 in the name of Sellers. The lands were ordered sold for taxes, notice thereof given, showing C. E. Sellers as owner, a sale was had, and a tax deed was executed to Carmichael and Cummings, conveying the interest of Sellers. On the conclusion of the evidence the trial court gave the affirmative charge for plaintiff. There were verdict and judgment for plaintiff, and from that judgment defendants appeal.

Farmer, Merrill & Farmer, of Dothan, and Steiner, Crum & Weil, of Montgomery, for appellants.

---

⬤☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

. Any irregularities in the tax sale, if any, were cured by the short statute of limitations of three years. Code 1907, § 2311; Long v. Boast, 153 Ala. 428, 44 South. 955; Doe ex dem. Evers v. Matthews, 192 Ala. 181, 68 South. 182; Howard v. Tollett, 202 Ala. 11, 79 South. 309; Jones v. Randle, 68 Ala. 258; Lassitter v. Lee, 68 Ala. 287; Pugh v. Youngblood, 69 Ala. 296; Oliver v. Robinson, 58 Ala. 46.

· Hill, Hill, Whiting & Thomas, of Montgomery, and L. S. Hodnett, of Dothan, for appellee.

Where land was assessed to a person having no interest therein, the holder of a tax deed thereunder acquired nothing thereby. Singleton v. Smith, 184 Ala. 199; Oliver v. Robinson, 58 Ala. 46; Jackson v. King, 82 Ala. 432, 3 South. 232; State Land Co. v. Mitchell, 162 Ala. 469, 50 South. 117; Bird v. Benlisa, 142 U. S. 664, 12 Sup. Ct. 323, 35 L. Ed. 1151; Case v. Albee, 28 Iowa, 277; Early v. Whittingham, 43 Iowa, 162.

McCLELLAN, J.: [1] Statutory ejectment, instituted by appellee against appellants. The plaintiff was given the affirmative instruction requested for him. The defendants rely upon the short statute of limitations provided by Code, § 2311. The court erred in so instructing the jury, because the evidence required the application of the cited short statute of limitations of three years. Long v. Boast, 153 Ala. 428, 44 South. 955; Howard v. Tollett, 202 Ala. 11, 79 South. 309; Doe ex dem. Evers v. Matthews, 192 Ala. 181, 186, 68 South. 182. There are expressions or conclusions in other cases inconsistent with the construction of Code, § 2311, taken in the cases cited; but the later decisions noted above conclude to the effect that the short statute of limitations thereby provided is a bar to an action for the recovery of the subject of a tax sale except in the particular instances described in that statute (section 2311). Howard v. Tollett, supra.

The judgment is reversed, and the cause is remanded.

Reversed and remanded. .

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

On Rehearing.

McCLELLAN, J. The court en banc has reconsidered the question, elaborately discussed in the briefs of counsel, whether the cited short statute of limitation of three years (Code, § 2311) is applicable to a tax sale where, as here, the assessment of the land was made in the name of and against a person who had no right, title, or interest in the land, and the purchasers went into adverse possession under their tax .deed and remained in such possession for three years and more before action commenced by the owner of the land at the time the sale for taxes was had; the owner not being shown to be or to have been within any of the exceptions provided in the statute. Code, § 2311.

[2] Under a statute in present respects substantially similar to Code, § 2311, this court decided in Lassitter v. Lee, 68 Ala. 287, 291, that, notwithstanding the tax sale is void, the short statute of limitation is operative and effective, and, "whether the sale be valid or void, the occupancy of the land under a tax deed, executed and delivered in conformity to law, for a period of five years [now ·three years] from such delivery, would be a good defense to the action." This deliverance was made at the December term, 1880. In nature the present statute (section 2311) is the same as its predecessor considered in 1880; the just exceptions have been since introduced. The court is not thought to be now at liberty to depart from the rule of Lassitter v. Lee, supra; so notwithstanding the Iowa court, whence it is said the original statute came, has accepted the view that a similar limitary statute in respect of tax sales has no application to a sale that was void. Long v. Boast, 153 Ala. 428, 430, 44 South. 955; Howard v. Tollett, 202 Ala. 11, 79 South. 309.

The application for rehearing is hence overruled.

ANDERSON, C. J., and SAYRE, SOMERVILLE, GARDNER, THOMAS, and MILLER, JJ., concur.