(119 So. 236)

ADAMS v. PEARCE. (6 Div. 903.)

Supreme Court of Alabama. Dec. 20, 1928.

Williams & Chenault, of Russellville, for appellant.

K. V. Fite, of Hamilton, for appellee.

FOSTER, J. The bill in this case was filed to quiet the title to land. Appellee was complainant, and appellant was respondent.

The bill alleged that complainant was the owner of the land, and contained statutory averments.

This allegation of ownership, which was denied in the answer, placed on complainant the burden of proving ownership in addition to peaceable possession. Vaughan v. Palmore, 176 Ala. 72, 57 So. 488. The issues are therefore different from a case where ownership in complainant is not alleged. Davis v. Daniels, 204 Ala. 374, 85 So. 797; Gray v. Ala. Fuel & Iron Co., 216 Ala. 416, 113 So. 35.

Complainant undertook to meet this burden by introducing a tax deed of the land to James P. Pearce in 1889, on sale in 1886 for taxes for 1880 to 1885, both inclusive. Complainant claims by succession of title from James P. Pearce. The tax deed was properly acknowledged and recorded. The statute of limitations of three years is invoked by complainant. The transaction in that respect is governed by sections 593 and 606 of the Code of 1886. These sections have received consideration by this court in several cases. Williams v. Oates, 209 Ala. 683, 96 So. 880: Lassitter v. Lee, 68 Ala. 287; Holloway v. Henderson, 194 Ala. 181, 69 So. 821; Id., 203 Ala. 246, 82 So. 344; Flowers v. Jernigan, 116 Ala. 516, 22 So. 853; Long v. Boast, 153 Ala. 428, 44 So. 955; Bedsole v. Davis, 189 Ala. 325, 66 So. 491; Tidwell v. McCluskey, 191 Ala. 38, 67 So. 673; Howard v. Tollett, 202 Ala. 11, 79 So. 309. The limitations placed upon the three-year statute as they now exist have been enacted since the deed in question, and were not in the Code of 1886. The evidence showed that, at the time of such deed, the land was in possession of one Ashmore, under whom appellant claims; that he had possession from 1885 to 1892; that, after he left, one Dodd lived in the house, but did not cultivate the land, the house and fences burned, and no one had possession from 1893 until 1913, when a tenant of Pearce took possession and cultivated, under lease, 12 or 15 acres until 1918; that, since that time, until 1922, it has been cultivated by tenants of the successors in interest of Pearce, except for two or three years when no one cultivated it.

Appellant claims title as follows: That one Ashmore claims to have bought the surface of it from one Kendrick in 1885, not including the minerals, but received no deed; that he was to redeem from a tax sale which had previously occurred. There is no evidence of such sale, but he testifies that he paid the redemption money to the judge of probate, and later prosecuted him for embezzlement of it, and that then in 1893 he received a tax deed from the state, but that it was lost, never recorded, and not in evidence; that he abandoned the land in 1892, having in 1890 executed a mortgage, which, in 1893, was foreclosed, and appellant claims under the purchaser; that Ashmore paid the taxes until 1891, and that since 1893 the purchaser at such sale has paid them; Pearce also paid the taxes from 1889 to date; that, after Ashmore abandoned the land in 1892, he never had anything more to do with it; that neither the purchaser nor mortgagee had any possession of it; that there was no possession by any one thereafter until 1913 (except a short indefinite period by Dodd), and since then Pearce and his successors have had possession.

It appears that Ashmore did not even have color of title while he was in possession. His possession was only for seven years at most, and could not have ripened into title. As his possession was prior to that of Pearce, it would be prima facie evidence of title, but for his evidence, which shows that he had no title.

We have shown that complainant has assumed the burden of showing his ownership, denied by respondent. It is not necessary for the operation of the three-year statute that the three years of continuous, adverse possession shall follow immediately after the execution of the tax deed. Long v. Boast, supra; Bedsole v. Davis, supra; Tidwell v. McCluskey, supra; Howard v. Tollett, supra. The evidence sufficiently shows the possession of Pearce continuously and without break by tenants from 1913 to 1918, or longer, and by his color of title it extended to the entire tract. The possession since then by his successors has had very little intermission and no interruption. No one except Pearce and his successors have had any sort of possession since Ashmore abandoned it in 1892. The tax deed to Pearce in 1889, and his adverse possession of the land beginning in 1913, and the absence of possession in any one else since 1892, are, taken together, sufficient to show title in complainant as alleged in the bill. Williams v. Oates, supra, and the cases cited above.

The decree of the court was that, as between the parties to the cause, the title of the land was in appellee, complainant below, and we concur in and affirm the decree.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.